EJECTMENT.

Case 72.

**Gregory's Heirs vs Crab's Heirs.**

APPEAL FROM THE HENRY CIRCUIT.

*Landlord and Tenant.   Estoppel.*

April 8.

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

The case stated.

THIS is an ejectment for land claimed by the lessors as heirs of *Caroline Gregory,* one of two devisees of her father, *George Muse,* who died in 1790. The defen-dants, as heirs of *Jeremiah Crab,* rely on a contiued pos-session by their ancestor and themselves ever since 1797, and also a conveyance made in 1817 by the said *Caroline Gregory* and her husband, to *Isaac Watkins,* of all of her interest under her father's will, which had not been previously sold and conveyed. The lessors objected to the reading of that deed, and proved that *Jeremiah Crab* had said, whilst he occupied the land, that he held under *Muse's* patent and "*through Gregory and wife.*"

The Circuit Judge instructed the jury, if they believed these facts, to find for the defendants; and verdict and judgment were rendered for them accordingly.

The plaintiffs now insist that the testimony authorized the presumption that *Jeremiah Crab* entered and held as the tenant of *Gregory and wife,* by executory contract or otherwise—that as her title could be passed only by re-cord, a conveyance to *Crab* could not be *presumed;* and that, therefore, the defendants are not protected by lapse of time, and should be estopped from relying on any outstanding title in bar of this action.

Were it admitted that *Mrs. Gregory* had not conveyed to *Crab,* whilst she was a *feme sole,* and might have done so by an unrecorded deed, which might be presumed from more than forty years enjoyment; still we should be of the opinion that the conveyance to *Watkins* was admissible as evidence in the case, and authorized the hypothetical instruction given in the Court below.

That deed shows, *prima facie,* that after its acknowl-edgment, the title to the land litigated in this case was not in *Gregory and wife,* for, as it conveys to *Watkins*

all her title as devisee, which had not, in fact, been pre-viously sold and conveyed, it either passed to him her right to this land, or acknowledged that she had sold and conveyed it to some other person; and there is in the facts now before us, no ground for presuming that, if she had made any such prior sale and conveyance, it was void or ineffectual. Then, admitting the presumed ten-ancy, as urged in argument, it cannot operate as an es-toppel against proof of the fact that the landlord's title has been conveyed to another person whose reversionary right draws after it the tenant's allegiance. This is not turning against the title under which the entry was made, but it is following and upholding that title wherever the landlords may have chosen to lodge it, and thereby to transfer or destroy the pre-existing relations of tenure, and their own legal right of entry.

It is therefore considered by this Court, that the judgment of the Circuit Court be affirmed.

*M'Henry* for appellants; *Morehead & Reed* for appellees.

*Margin note: One who has held as tenant when sued in ejectment by landlord is not estopped to show a conveyance to another, subsequently to the entry as tenant, and that allegiance is due to the transferee.*