Brenner v. Bigelow.

ADAM BRENNER v. JOHN W. BIGELOW, *et al.*

1. DISMISSAL OF ACTION; *Order reviewable.* A judgment or order dismissing an action is such a final determination of the action as may be reviewed in the supreme court.

2. ACTION TO QUIET TITLE. A person in the actual possession of real estate may maintain an action under section 594 of the civil code to quiet the title and the possession thereto, against any person who claims to have an adverse interest therein.*

3. PRACTICE; *Judgment on Default.* In an action to quiet title where a defendant makes default, all the material allegations of the petition should be taken as true, and judgment rendered against such defendant.

[ * BUT a person in the possession and occupancy of *government* land, and who is himself a mere trespasser thereon, cannot maintain an action under said § 594 to quiet his possession or occupancy thereto against any person. *Wood v. The M. K. & T. Rly. Co.*, decided at January Term 1873.—REPORTER.]

4. ———— *Answer of Guardian ad litem.* A guardian *ad litem* for a minor defendant should at least deny in his answer all the material allegations of the petition prejudicial to such defendant.

5. ———— *Judgment where Answer raises no issue.* Where an answer does not put in issue any of the material allegations of the petition, nor raise any new issues, judgment should be rendered on the pleadings for the plaintiff.

6. FINDINGS OF FACT; *When void.* Every finding of fact by the court not founded upon any issue made by the pleadings is a nullity, and the court cannot find against the facts as admitted by the pleadings.

7. DEFENSE—*In Action to Quiet Title.* In an action to quiet title where it is shown that the plaintiff is in the actual possession of the property in controversy, the defendant cannot defeat the plaintiff's action except by showing a paramount right in himself. He cannot defeat such action by showing a paramount right in some other person, even if this other person should be a co-defendant.

8. ———— *Landlord and Tenant.* A tenant cannot, as a rule, dispute the title or right of possession of his landlord, nor of any other person who has succeeded to the rights of his landlord as long as such tenant holds possession derived originally from his landlord; but this rule has its exceptions.

9. ———— *Where Tenancy is of a part only of Lands in dispute.* A defendant cannot wholly defeat the plaintiff's action to quiet title by showing that the plaintiff as a tenant is estopped from disputing title and right of possession to a part only of the real estate in controversy. But the plaintiff may in such a case quiet the title to that portion of the property to which the estoppel does not apply.

10. ———— *Mortgage Lien no Defense.* A tenant is not estopped from asserting his own title and right of possession in a suit to quiet title against a mortgagee of his landlord, as long as such mortgagee has nothing but a lien on the mortgaged property; as long as the mortgagee has no title and no right of possession.

11. ———— *Foreclosure of Mortgage.* And in such a case if the mortgage should be foreclosed and the property sold under the mortgage judgment and the mortgagee purchase the same and get his sheriff's deed therefor, still the tenant would not be estopped from denying title and right of possession to that portion of the property sued for not covered by the mortgage.

12. JURISDICTION—*Where Mortgagor is dead; Revivor, etc.* A mortgage may be foreclosed in the district court, although the defendant or one of the defendants should be an administrator; and a foreclosure judgment rendered in the district court against the deceased in his lifetime may be revived in the same court after his death against his administrator and heirs.

13. MOTION FOR NEW TRIAL; *Continuance of hearing.* A motion for a new trial if made within the proper time, may be continued till the next term of the court and then disposed of, and neither of the parties will lose any rights by reason of such continuance.

*Error from Doniphan District Court.*

ACTION by *Brenner* to quiet his title to two lots in the town of Doniphan. The opinion contains a full statement of the pleadings, and of the findings of the court. The action was tried at the September Term, 1869. The bill of exceptions does not contain any of the testimony. The district court dismissed the plaintiff's petition, and gave judgment against him and in favor of the defendants for costs. A motion for a new trial was made, and continued until the next term, when it was heard and overruled. *Brenner* excepted, and brings the case here for review.

*W. W. Guthrie,* for plaintiff in error.

*Albert Perry,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by the plaintiff in error against the defendants in error, John W. Bigelow, Kate A. Foreman, Charles P. Foreman and Emma Foreman, to quiet title to lots six and seven in block 43 in the Town of Doniphan. Bigelow answered separately. Kate A. Foreman made default, and Charles P. Foreman and Emma Foreman answered jointly by their guardian *ad litem.* The action was tried before the court without a jury, and the court dismissed the plaintiff's action as against all the defendants, at plaintiff's costs. To reverse the judgment or order of the court below dismissing the action the plaintiff now brings the case to this court.

I. The defendants claim that the action of the court below cannot be reviewed in this court. We think it can. A judgment or order dismissing an action is such a final determination of the action as may be reviewed in the supreme court.

1. Dismissal; reviewable order.

II. It is claimed that the plaintiff did not show sufficient interest in the property in controversy to maintain the action. We think he did. He was in the actual possession of the property. It was so alleged in his petition, and so found by the court. This was sufficient to give him the right to maintain the action against any person who claimed to have an adverse interest: Civil Code, § 594; *Eaton v. Giles,* 5 Kas., 24. He had a right to have the action determined upon its merits. He had a right to know by a legal adjudication precisely what his rights were concerning the property in controversy. The court therefore erred in dismissing the action.

III. Let us consider the rights of the parties respectively upon the merits of the controversy so far as we can from the pleadings of the parties and the special findings of fact made by the court below. The evidence has not been brought to this court. The plaintiff alleged in his petition that he was the owner of the property in controversy, that he held the legal title, and was in the peaceable possession thereof, and that the defendants claimed an adverse interest therein. The defendant Bigelow at first denied all the material allegations of the plaintiff's petition except such as he admitted in his answer, and then alleged in his answer that originally the Doniphan Town Company held the legal title to said lots six and seven; that A. H. Dunning and A. R. Foreman held the equitable title to lot six; that A. R. Foreman held the equitable title to lot seven; that Foreman mortgaged the undivided half of lot six and lot seven to W. F. Enders & Co., of whom Bigelow is the surviving partner; that judgments have been rendered on the notes secured by said mortgage which are still subsisting; that the plaintiff and A. R. Foreman intending to defraud Enders & Co., Foreman transferred to the plaintiff his equitable interest in the undivided-half of lot six and lot seven, and then that the plaintiff "procured the legal title to said lots of the Doniphan Town Company." Bigelow admits by this answer that the plaintiff holds the legal title to said lots; and as it was found by the court that the plaintiff was in the actual

2. Action to quiet title.

possession of the same, and as it was not found that A. R. Foreman ever had any equitable interest therein which could have been transferred to Bigelow, it would seem that the judgment should have been for the plaintiff and against Bigelow. The defendant Kate A. Foreman filed no answer to the plaintiff's petition, and of course the material allegations of the petition as to her should have been taken as true: Code, § 128. Judgment should therefore have been rendered against her and in favor of the plaintiff. The court therefore manifestly erred in dismissing the plaintiff's action as against her. The defendants Charles P. Foreman and Emma Foreman answered by their guardian *ad litem.* The answer did not put in issue any of the material allegations of the petition, nor did it raise any new issues. If these defendants were minors the court erred in trying the case upon any such answer. The guardian *ad litem* should have at least denied in the answer all the material allegations of the petition prejudicial to the defendants: Code, § 101. But if this answer was sufficient, then there was nothing to try as between the plaintiff and these defendants, and the judgment should have been rendered on the pleadings for the plaintiff. But whether the answer as framed was sufficient or not the judgment of dismissal was erroneous.

*3. Effect of defendant's default.*

*4. Answer of guardian ad litem.*

*5. When plaintiff to have judgment.*

IV. With regard to the findings of the court it seems scarcely necessary to say that such of the findings as are not founded upon any issue or issues made by the pleadings are mere nullities. The court cannot go outside of the issues to make findings. Every finding that does not have some relevancy to the issues made by the pleadings must be disregarded. And we suppose it is hardly necessary to say that the court cannot find against the facts as admitted by the pleadings. Several of the findings in this case are outside of the issues, and some of them (though probably true as a matter of fact,) are against the facts as admitted by the pleadings. As we expect to send this case back to the court below for a new trial, and as the parties may there

*6. What findings are nullities.*

amend their pleadings so as to prove what the court really found, it will probably be necessary for us to consider some of the facts as found by the court although at present such facts are not in the case.

The court finds that the plaintiff has the legal title to lot six only, and not to lot seven; that the legal title to lot seven is still in the Doniphan Town Company. It finds that the plaintiff has actual possession of both lots, but that he obtained his possession originally of the south half of lot six from A. H. Dunning and A. R. Foreman as their tenant, and that he acknowledged said tenancy by paying rent up to January 1st, 1862. It finds that R. Middleton once bought said lots of the Doniphan Town Company while said company owned them, and that he possibly still has some equitable interest therein. Now, it seems scarcely necessary for us to say that after the plaintiff has shown beyond controversy that he is in the actual 7. Defense, in possession of the property in controversy, after he action to quiet title. has shown *prima facie* enough to entitle him to maintain his action against any one who claims an adverse interest to him, that neither of the defendants can defeat his action except by showing a paramount right in himself or herself; that such defendant cannot defeat the plaintiff's action by showing a paramount right in some other person, or even in one of the other defendants; nor by showing that the Doniphan Town Company still has the legal title to lot seven; nor by showing that R. Middleton once bought both of the lots of the Town Company, and possibly still has some equitable interest therein paramount to the plaintiff's right; nor that A. H. Dunning or his heirs possibly has some equitable interest in the south half of lot six; nor can the defendants show as a defense that any person except themselves has any right or interest in said lots.

If the plaintiff originally get possession of the south half of lot six as the tenant of A. H. Dunning and A. R. Foreman, 8. Tenant not to dispute landlord's title. and if that tenancy has never been annulled or abrogated by consent of the parties, then, as a rule, the plaintiff cannot dispute the right of posses-

sion or of title of A. H. Dunning or of A. R. Foreman, or of any person who has succeeded to their right of possession or right of title so long as he retains that possession which he obtained originally from Dunning and Foreman. But this rule has its exceptions which we do not now think it is necessary to enumerate. If the plaintiff's possession of the south half of lot six is that derived from A. H. Dunning and A. R. Foreman, it would prevent him from disputing the title and right of possession of Kate A. Foreman, the widow, and Charles P. Foreman and Emma Foreman, the children of A. R. Foreman, deceased, to the south half of lot six, because said widow and children have a present and existing right of title and right of possession to the same extent as A. R. Foreman had during his lifetime. Before he can dispute the title or right of possession of said widow and children he must first deliver up to them the possession he derived from the husband and ancestor. But said tenancy would not preclude the plaintiff from disputing the title and right of possession of the said widow and children to the rest of said lots, to-wit, the north half of lot six, and lot seven; and for this he might recover, or rather quiet his title, notwithstanding the estoppel as to the south half of lot six. Nor would said tenancy preclude the plaintiff from disputing the title and right of possession of the defendant Bigelow to any part of either of said lots, for Bigelow has no title legal or equitable thereto, nor any possession or right of possession; (*Chick v. Willetts*, 2 Kas., 384;) and it is not certain that he may ever have any such title or right. The most that he can claim is simply a lien upon the property—a security for the debt due to him, with a right to have the property sold to pay such debt if it is not otherwise paid. When the plaintiff desires to contest the right of Bigelow to a lien upon said property he is not bound first to surrender the possession thereof to Bigelow, as he is to the heirs of A. R. Foreman when he wishes to contest their right, because Bigelow has no right to the possession. Even if the property should be sold it is not certain that Bigelow would purchase it, and if

9. Where tenancy is of a part only of lands in dispute.

10. Mortgage lien no defense.

11. Not if fore- he did he would not be entitled to possession until
closed. the sale should be made and confirmed, and the
sheriff's deed executed. Until that time the mortgagor, and
those holding under the mortgagor, would be entitled to possession; and until that time a tenant of the mortgagor would
not be estopped from asserting his own title and right of
possession in a suit to quiet the title against the mortgagee.
It is said in Smith's Leading Cases, "that the rule which precludes the tenant from denying the landlord's title in actions
personal is founded in special and particular causes, and is not
a general or common-law estoppel. And although the tenant
is ordinarily estopped from denying the right of the landlord,
in real or possessory actions brought for the recovery of the
land, yet the estoppel is manifestly *equitable* and not legal."
(*Doe v. Oliver*, 2 Smith's Lead. Cases, 657.) In this case we
do not think that the plaintiff is estopped from denying the
right of Bigelow upon either legal or equitable grounds. But
if he was, if the property had been sold under the mortgage
judgment, and Bigelow had purchased it and got his sheriff's
deed therefor, still the plaintiff would not be estopped from
denying Bigelow's right to an undivided half of lot six, for
Bigelow's mortgage did not cover all the property in controversy. It covered only the undivided half of lot six, and lot
seven, leaving an undivided half of lot six free from said
mortgage. But as Brenner held the south half of lot six only
as a tenant, he would therefore be estopped from denying title
and right of possession to the undivided half of the south
half of lot six only, and of course the judgment should not
have been against him for all the property. If upon the retrial
of this case it shall be found that A. R. Foreman had no interest in the said mortgaged property, then the plaintiff will
have a right to have his title and possession thereto quieted as
against Bigelow. But if A. R. Foreman had some interest in
said property which has not expired by limitation of time, as
a lease for instance, Bigelow will have a right to have said
interest sold as provided by law to satisfy any valid and subsisting judgments obtained on said mortgage.

V. The question whether a mortgage can be foreclosed against the estate of a deceased person in the district court is not in this case, because it appears from the record in this case that all the foreclosure judgments were rendered against A. R. Foreman in his lifetime. One of said judgments however was revived after his death against his widow, children, and administrator, which was correct. The almost universal practice in this state is to foreclose a mortgage in the district court whether the defendant be an administrator or not; and such practice we presume is correct.

12. Foreclosure of mortgage given by decedent. Revivor, etc.

VI. The plaintiff moved the court for a new trial. The motion was made within three days after the decision of the court was given, that being the time prescribed by the statute: Code, § 308. The motion was continued until the next term of the court, and was then disposed of, the court overruling the motion. It is claimed that the plaintiff lost his rights under the motion by reason of its being continued till the next term. We do not think so. The statute does require that the motion be heard and decided within three days after the decision of the court is rendered. It only requires that the motion be made within that time. If made within that time, the motion may be heard and decided at any subsequent time during the term, or at some subsequent term. There is nothing in the law that prevents the continuance of a motion any more than there is to prevent the continuance of any other proceeding: *Coleman v. Edwards*, 5 Ohio St., 51, 55, 56. Whether the continuance of the motion for a new trial to the next term of the court would continue the right to make a bill of exceptions embodying the evidence or the charge of the court, or some other proceeding of the court desired to be made a part of the record by a bill of exceptions, we do not now choose to consider, as the question is not now before us. No such question is in this case. In Ohio the continuance of the motion for a new trial would not continue the right to make such a bill of excep-

13. Motion for new trial; continuance of hearing.

Union Pacific Rly. Co. v. Nichols.

tions: *Kline v. Wyman,* 10 Ohio St., 223; *Morgan v. Boyd,* 13 Ohio St., 271.

The judgment of the court below is reversed, and cause remanded for a new trial in accordance with this opinion.

All the Justices concurring.