D. E. PETTIGREW V. C. K. MILLS, *et al.*

TENANT, *not to Dispute Title of Landlord.* The general rule that a tenant cannot dispute the title of his landlord as long as the tenant holds possession derived originally from the landlord, affirmed, there being no facts in the case that bring the defendant in error within any of the exceptions to the rule.

*Error from Allen District Court.*

ACTION brought by *Pettigrew* against *C. K. Mills*, to recover $50 rent of eighty acres of land for the year 1884, and $100 damages for waste committed thereon by defendant while a tenant of plaintiff during that year. The land is the west half of the northeast quarter of section seventeen, township twenty-four, range twenty, situated in Allen county, and it originally belonged to the Leavenworth, Lawrence & Galveston Railroad Company. It was sold by said company to Henry Tidman, and by Tidman and wife conveyed to *Pettigrew* by general warranty deed on December 15, 1880. The defendant, *James Mills*, claims title thereto by quitclaim deed from Wm. J. Richards and wife, dated February 11, 1885. Richards claimed title by virtue of a judgment in his favor against the Leavenworth, Lawrence & Galveston Railroad Company, rendered in the Allen county district court on July 5, 1876, a sale on execution, and a purchase at such sale. In the amended petition in the case of Richards against said railroad company, filed August 10, 1875, there is an allegation in these words:

"That since the occurrence of said act, as hereinbefore mentioned, the defendant, B. S. Henning, has been appointed by the proper and legal authorities receiver, under the laws of the United States, of said company, and has now the control and management of the property."

Henning as receiver was made a party to the amended petition, but the record fails to show any service of summons on him. Other facts are stated in the opinion. Trial by the

court at the March Term, 1885, and judgment for the defendants.    The plaintiff brings the case here.

*H. A. Ewing* and *P. H. Harris*, for plaintiff in error.
*Knight & Foust*, for defendants in error.

Opinion by SIMPSON, C.: We shall consider only one of the numerous questions raised on this record.    The one urged with great vigor and persistency by counsel for plaintiff in error, as to the effect of the appointment of a receiver for the Leavenworth, Lawrence & Galveston Railroad Company, is not presented in such a manner that it can be carefully considered. The only reference to it in the record is in the fourth paragraph of the amended petition in the case of W. L. Richards *v.* The L. L. & G. Rld. Co., and B. S. Henning, receiver, and this does not allege by what court, in what action, or for what purpose he was appointed.    Whether he qualified, and took charge of all or any of the property of the company, whether the land in controversy was ever in his custody, or what disposition was made of it, is not developed.    Under this state of the record we shall not undertake to pass upon the question of the validity of the title of Richards, derived by a judicial sale on his judgment against the railroad company.

The general rule is, that a tenant cannot dispute the title of his landlord as long as such tenant holds possession derived originally from the landlord. (*Brenner v. Bigelow*, 8 Kas. 496.) The record shows that the defendant, C. K. Mills, rented the land in controversy from the plaintiff in error, for the rent years of 1882, 1883 and 1884, at an annual rent of $50; that the rent for the years 1882 and 1883 was paid.    On the 10th day of November, 1884, the plaintiff in error commenced this action before a justice of the peace to recover the sum of $50 for rent for the year 1884, and the sum of $100 as the value of a building removed from the land by the defendant.    By the terms of the lease the annual rent was to be paid in time for the payment of taxes on the land.    The defendant, C. K. Mills, made a motion in the justice's court that

James Mills be brought in as a co-defendant in the action, for the reason that he claimed to own the land and be entitled to the rent for the year 1884. This motion was sustained over the objection of the plaintiff in error, and the justice certified the case to the district court because it appeared that the title to the land was involved in the controversy. In the district court an amended petition was filed, and the defendants jointly filed an answer, in which it is alleged that the land was purchased by James Mills on the 11th day of February, 1884, from Richards and wife, the then owners, and was rented by James Mills to C. K. Mills, for the rent year commencing on the 1st day of March, 1884, and ending on the 1st day of March, 1885, for $50 per year; that James Mills sold the building described in the plaintiff's amended petition to C. K. Mills, and delivered the same to him.

The case was tried at the March term, 1885, a jury being waived. There was a general finding and a judgment for the defendants. James Mills is the son of C. K. Mills, the other defendant, and at the time of the alleged purchase by him of the land, was living and rented a farm in the state of Missouri. The preliminary negotiations of the purchase by Mills from Richards were conducted by C. K. Mills, the father. The mother of James Mills lent him what money was paid at the date of the purchase, and his father and mother executed their promissory note for the remainder due. Even the date of this purchase is doubtful under the evidence. The deed from Richards and wife to James Mills is dated February, 1885, but it is claimed that this deed was executed in lieu of one made and delivered some time previous, in which there was a mis-description of the land. C. K. Mills testified that he had paid his son $50 for the rent of the land for the rent year of 1884, but he could not tell when and where he paid. He did not know that the plaintiff in error was his landlord, although that relation existed for at least three years. He did not proclaim to the agent of the plaintiff in error, who served on him a notice to quit in the fall of 1884, that he was renting from his son James. A man who desired to rent the

land from plaintiff in error, in January, 1884, if he could get possession of it, had a conversation with C. K. Mills about possession, in which Mills declared that he had received no notice to leave, and that he would retain it for another year. He seems never to have disputed the title of his landlord until after this action was commenced. There is not a particle of testimony in the record tending to make any showing that brings C. K. Mills within the exception to the rule that a tenant cannot dispute the title of his landlord.

We recommend that the judgment of the district court be reversed, and that the same be remanded with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concurring.