Fry v. Boman.

GEORGE A. FRY v. ALVIN BOMAN *et al.*

No. 13,267.   (73 Pac. 61.)

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Estoppel.* In an action of forcible detainer, the tenant is estopped to dispute the title of the landlord when he entered, but he may show, as a complete defense to a recovery, that the title which the landlord had when he entered has ceased to exist, either by the act of the landlord, the judgment of a court, or by operation of law.

Error from Allen district court; L. STILLWELL, judge.   Opinion filed July 10, 1903.   Affirmed.

*H. A. Ewing,* and *G. A. Amos,* for plaintiff in error.
*Chris Ritter,* and *John H. Crain,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: This was an action of forcible detention brought by George A. Fry against Alvin Boman and J. B. Boman for the possession of certain land in Allen county. The cause was tried before a justice of the peace and from there appealed to the district court, where judgment was rendered for defendants. Plaintiff prosecutes error.

It appears that in 1873 the government issued a patent to this and other lands to the Missouri, Kansas & Texas Railway Company, under a grant theretofore made. In August, 1870, the railway company sold the lands in question to Gibson. In 1888 Gibson conveyed the land to P. S. Huffman, and in 1888 Huffman ejected Boman from the land by a judgment of the district court of Allen county. Subsequently Huffman leased the land to J. J. Boman, Alvin Boman, and J. B. Boman, and they continued in pos-

session as tenants of Huffman until 1899, when Huffman sold to Fry. The Bomans were holding under a lease from Huffman, which expired February 1, 1900. This lease was assigned to Fry. On January 20, 1900, Fry leased the land to Alvin and J. B. Boman, from February 1, 1900, to January 31, 1901, and upon the expiration of that lease the Bomans refused to vacate the premises.

This action was commenced February 15, 1901. Alvin Boman answered that he was only a tenant of J. B. Boman. J. B. Boman answered denying plaintiff's title and right of possession, alleging that plaintiff's only title was derived through a grant by the United States to the Missouri, Kansas & Texas Railway Company, and a patent thereunder issued March 3, 1879; that by a judgment of the United States circuit court for the district of Kansas, on the 26th day of November, 1900, said patent was set aside and all conveyances by said railroad company made thereunder were held to be null and void, and the title to such land held to be in the government; that said judgment was final and all title in Fry was thereby terminated.

Plaintiff contends that the Bomans, having entered as his tenants, cannot dispute or question his title. The general doctrine that a tenant cannot dispute the title of his landlord is so well settled that the citation of authorities in support of this principle is useless; that is, the tenant is estopped to deny that which he has once admitted. An entry as a tenant is an irrevocable acknowledgment by the tenant of the title of the landlord when he entered, and cannot be denied so long as the title exists as it did when he entered. But this is the limit of the rule. If the landlord parts with his title during the tenancy, the tenant is not es-

topped to plead this fact as a defense in an action of forcible detainer by the landlord.   (*Horner v. Leeds*, 25 N. J. L., 106; *Gregory's Heirs v. Crab's Heirs*, 2 B. Mon. 234; *McGuffie v. Carter*, 42 Mich. 497, 4 N. W. 211; *West Shore Mills Co. v. Edwards*, 24 Ore. 475, 33 Pac. 987; *Boyd v. Auchterlonie*, 40 N. Y. Sup. 1070; *Newell v. Gibbs*, 1 W. & S. [Pa.] 496; *Hillbourn v. Fogg and others*, 99 Mass. 11.)

While the tenant cannot dispute the title held by the landlord when he enters, if, however, from any cause such title terminates during the pendency of the lease, the tenant may rely thereon to defeat a recovery of possession.   It was said in *Farris & McCurdy v. Houston*, 74 Ala. 162, 167, 168:

"The rule is well settled, and is not questioned, that a tenant cannot dispute the title of his landlord. . . . There are various exceptions to and qualifications of the rule which are of as much importance as the rule itself, and which must be observed in the administration of justice between landlord and tenant. . . . The estoppel operates only to preclude the tenant from disputing the title of the landlord at the time when the lease was made and possession given; but not from showing that the title which the landlord then had was defeasible or limited in its nature, and has since been defeated, or has expired by its own limitation."

The same doctrine was announced in *James N. Winn, et al. v. Gillum B. Strickland*, 34 Fla. 610, 636, 16 South. 606, 614, as follows:

"While it is true that a tenant cannot dispute or gainsay the title of the landlord so long as it remains as it did at the time the tenancy commenced, and no fraud has been practiced in securing it, yet he may show that the title under which he entered has expired, or has been extinguished by operation of law."

In *Virginia P. Robertson v. George W. Biddell*, 32 Fla.

304, 13 South. 358, it was said that a sale of the landlord's interest in the leased property puts an end to his rights under the lease.   In *Smith v. Crosland*, 106 Pa. St. 413, it was held that when a tenant is sued by his landlord for possession he may show that the landlord's title has been terminated by a sheriff's sale under a judgment against him.   In *Lancashire, Morehead and Lowery v. Mason*, 75 N. C. 455, it was held that in an action of ejectment the tenant is not estopped from setting up that the land was bought by a third party at a sale under execution against the landlord and that the title is in such third person.   In Michigan it has been held that where the property has been sold under mortgage foreclosure subsequently to making the lease the landlord's title is extinguished and the tenant is not estopped from showing this fact.   (*McGuffie v. Carter*, 42 Mich. 497, 4 N. W. 211; *Walker v. Fisher*, 117 id. 72, 75 N. W. 144.)   There appears to be no exception in the authorities to this rule.

In the present case it is conceded that the judgment of the United States circuit court obliterated all title in this land held by Fry; that this judgment was rendered during the existence of this lease.   We are of the opinion that the court committed no error in permitting the defendants to show that the title of the plaintiff had been extinguished, and therefore he had no right to recover possession of the land in controversy.

The judgment of the court below is affirmed.

All the Justices concurring.