D. A. WHITTLE, *Appellee,* v. S. H. HUGHES et al., *Appellants.*

No. 17,927.

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Denial of Title by Lessee—Tax Deed.* The patentee of certain land about to leave for another state put a creditor in possession to hold until the owner's return, in payment of the debt. Subsequently the land went to tax sale, and the grantee in the tax deed stated to the one in possession that he had the owner's title, and entered into a lease for one year, which at the end of the term was renewed in writing for another year. The lessee, having afterwards procured a conveyance from the patentee, sought to deny title in his own lessor, the tax deed being good on its face and on record when the leases were executed. *Held,* that he is estopped by such leases.

Appeal from Clark district court. Opinion filed February 8, 1913. Affirmed.

*F. C. Price* and *W. W. Harvey,* both of Ashland, for the appellants.

*H. R. Daigh,* of Ashland, for the appellee.

The opinion of the court was delivered by

WEST, J.: Norman McDonald was the patentee of a quarter section of land in Clark county. About 1888 or 1889 he left the county and turned the land over to R. A. McFarland to use as tenant, for the payment of a small debt then due, until McDonald should return. McFarland accepted and took possession, and afterwards put defendant Hughes in possession of one eighty, and possession has ever since been held unless divested by leases from the plaintiff. After McDonald left the land went to tax sale, and the plaintiff, Whittle, took out and recorded a tax deed on September 3, 1894. Through his agent he leased the land to McFarland from November 1, 1898, to March 1, 1900, and again for one year from the latter date, both leases being in writing and signed by McFarland. It appears that when the agent negotiated these leases he stated to McFarland that Whittle had acquired the McDonald title. The tax deed is good on its face and was about four years old when the first lease was made. McFarland claims that he believed from the agent's statement that McDonald had conveyed the fee title to Whittle, and on that belief he accepted or entered into the leases. The trial court took the position that having thus recognized Whittle as his landlord, McFarland was estopped to contest the validity of the tax deed after it had become five years old, and directed the jury to return a verdict for the plaintiff. The defendants complain and insist that Whittle, through his agent, obtained possession through stealth and fraud, and that the jury should have been allowed to determine whether the leases were executed on representations that the McDonald title had been acquired.

After learning that the McDonald fee title had not

been procured by conveyance from him, the defendants purchased it themselves, Hughes having full knowledge of the situation concerning the leases. McFarland testified that the agent said that Mr. Whittle had the McDonald title, that this was what induced the witness to sign the lease. At the close of the testimony the defendants objected to the instruction requiring the jury to return a verdict for the plaintiff, and requested that the case be submitted on the issue arising from the pleadings and testimony, which request was overruled.

It does not appear in the record that it was ever claimed or asserted that the agent represented that Whittle had procured the fee title by any conveyance, but simply that he had the McDonald title. The tax deed, good on its face, which had been recorded for some time in the county where the land was situated, justified this statement, and vested the title in the holder. (Gen. Stat. 1909, § 9479; *Board of Regents v. Linscott,* 30 Kan. 240, syl. ¶ 3, 262, 1 Pac. 81.) Having fully recognized the holder as their landlord, the defendants are not in position to deny his title. (*Ireton v. Ireton,* 59 Kan. 92, syl. ¶ 3, 95, 52 Pac. 74; *Millikin v. Lockwood,* 80 Kan. 600, 103 Pac. 124.)

The judgment is affirmed.