Ellsworth v. Eslick.

No. 18,524.

HATTIE ADA ELLSWORTH et al., *Appellants,* v. WILLIAM L. ESLICK et al., *Appellees.*

SYLLABUS BY THE COURT.

1. MORTGAGE FORECLOSED—*Sheriff's Deed Issued—Adverse Possession Taken by Landowner—Not Subservient to Sheriff's Deed.* A real-estate mortgage was foreclosed and a sheriff's deed of the land was issued and duly recorded. At that time the land was vacant. Afterwards the foreclosed owner entered and took actual possession by tenant under a claim of full title based on legal advice and a belief that the foreclosure proceedings were fatally defective. *Held,* ·the entry was not subservient to the title claimed by the holder of the sheriff's deed, that the possession following was hostile and not permissive, and that such possession was sufficient notice to the sheriff's deed holder of its adverse character.

2. SAME—*Attornment of Landowner's Tenant Void.* After the lapse of several years a tenant of the adverse occupant while in possession accepted leases from and paid rent to a claimant of title under the sheriff's deed for some two years. The tenant then renewed allegiance to his former landlord, and after leasing for a year purchased the land and took a deed from her. Thereafter he held adversely on his own account to the claimant under the sheriff's deed. *Held,* the attornment of the tenant was void, the adverse character of the landlord's possession was not affected by it, and the entire period of such possession may be tacked to that of her grantee and those claiming title under him to make title by adverse possession.

Appeal from Pratt district court; PRESTON B. GIL-LETT, judge. Opinion filed January 10, 1914. Affirmed.

*William Barrett,* and *R. F. Crick,* both of Pratt, for the appellants.

*W. B. Hess,* of Pratt, for the appellees.

The opinion of the court was delivered by

BURCH, J.: Hattie Ada Ellsworth and others claiming as devisees under the will of Eugene S. Ellsworth brought suit in ejectment for the land in controversy against William L. Eslick, his wife, and others who with her claimed as heirs of James Johnston. The defendants recovered and the plaintiffs appeal.

The defendants claimed title by adverse possession. The plaintiffs assert that the possession of certain predecessors in interest of the defendants was that of landowners continuing in occupancy after a foreclosure, and so was not adverse, and that James Johnston, before he purchased and while a tenant of the land under the foreclosed occupants, attorned to one of the plaintiffs' grantors and so precluded himself and those claiming under him from asserting adverse possession during the time he recognized the title held by the plaintiffs.

The land belonged originally to James W. Everhart, who conveyed to Sophia A. Everhart in 1887, who conveyed to Johnston on August 20, 1903. A mortgage given by James W. Everhart was foreclosed against Sophia A. Everhart, and a sheriff's deed was issued to David Prouty on February 5, 1892, and duly recorded. Prouty died leaving a will, which was offered for probate on March 24, 1893, and his executors deeded to G. Henry Whitcomb on September 8, 1895. Whitcomb deeded to Edward E. Parker on June 27, 1902, and Parker deeded to Eugene S. Ellsworth on July 8, 1902. Prouty was a resident of Massachusetts. Ellsworth was a resident of Iowa and the plaintiffs reside in that state. Mrs. Eslick, the widow of James Johnston, and other defendants reside on the land.

A former action by the plaintiffs for the same relief was commenced on January 28, 1909. A trial was had and the cause was taken under advisement by the court, but before a decision was rendered the plaintiffs dismissed the action at their own cost on March 26, 1910. The present suit was commenced on January 2, 1911.

Sophia A. Everhart never lived on the land. Her business interests were looked after by her husband, J. T. Everhart. Neither the plaintiffs nor any of their predecessors in interest ever lived on the land. While Whitcomb held title his interests were in charge of W. H. Thompson, a real-estate agent at Pratt. The land was in fact vacant and unoccupied until sometime in the year 1893, when Everhart leased it to T. J. Ireland for grazing purposes. Ireland continued to pasture the land under leases from Everhart until 1897 when, with Everhart's consent, he assigned a written lease dated August 3, 1897, to Johnston, who thereupon took possession. The land was unfenced during Ireland's tenancy, but it was pasture land and its use for the purpose for which it was best adapted

19—91 KAN.

was sufficient to make his possession actual and notorious. The dispute is with reference to hostility.

Soon after the foreclosure was completed—within six months or a year—Everhart was advised by an attorney that the proceedings were defective and that his wife's title to the land was still perfect. He so informed his wife and she claimed title from the time she placed Ireland in possession. J. T. Everhart testified that at some time while Ireland was occupying the land—he could not fix the date with any degree of certainty—he received a letter from some one in Iowa named Prouty inquiring what authority he had to lease the land. He replied by letter that he was leasing the land for the owner, Sophia A. Everhart, as her agent. This correspondence may be disregarded since it is not possible to trace notice of an adverse holding by means of it to any one connected with the title.

The general rule contended for by the plaintiffs is sound. Where the owner of land subject to a mortgage continues in possession after a foreclosure sale and the issuance of a sheriff's deed he is regarded as a sort of tenant of the purchaser, and his possession will not become adverse without a clear disavowal of the relation signified in such a way that the purchaser may be apprised of it. The former owner stands in the same relation to the purchaser as if he had made the conveyance himself and had continued in possession. He is deemed to hold in subservience to the title of the grantee. (1 Cyc. 1054.) In this case, however, the land was vacant when the sheriff's deed was issued and recorded. No one had actual possession. The possession of Sophia A. Everhart was merely the constructive possession which in contemplation of the law attends the legal title. When the sheriff's deed was issued and recorded this constructive possession vested in Prouty, so that Sophia A. Everhart did not in fact or in legal theory continue in possession after the fore-

closure was completed.    When she actually entered by
her tenant, Ireland, claiming the land as her own by
title unimpaired by the foreclosure proceedings, her
occupancy was not permissive but was hostile to the
Prouty title and was of sufficient notoriety to apprise
the holders of that title of her claims.    (*Bird v. Whet-
stone*, 71 Kan. 430, 80 Pac. 942.)

Was the adverse possession which commenced in
1893 interrupted so far as it affected Johnston and
those deriving title through him?

In 1898 or 1899 Thompson commenced to look after
the land as agent for Whitcomb.    He paid the taxes
for Whitcomb, Everhart having paid no taxes after
the foreclosure.    On March 10, 1900, Thompson leased
the land to Johnston by a written lease expiring March
1, 1901, which Johnston signed and accepted.    On
January 3, 1901, a second lease was executed, to com-
mence March 1, 1901, and to expire on March 1, 1902,
and on March 1, 1902, Johnston again leased from
Thompson by a written lease extending to March 1,
1903.    The last payment of rent provided for by these
leases was made in March, 1901.    The note given for
the rent for 1902 seems not to have been paid.    On
October 7, 1902, Johnston again recognized Sophia A.
Everhart as his landlord and accepted a written lease
from her under which he continued to hold possession
until he purchased the land.

The plaintiffs concede that if the contest were against
Sophia A. Everhart or any one holding under her ex-
cept persons in privity with Johnston, his attornment
to Whitcomb would amount to nothing.    But it is argued
that Johnston and those claiming under him can not
be heard to say that his possession from March, 1900,
to October, 1902, under leases from Whitcomb, was
adverse to Whitcomb.    The defendants make no such
assertion.    What they say is that Sophia A. Everhart's
possession from March, 1900, to October, 1902, was
adverse to Whitcomb; that the dealings between Whit-

comb and Johnston were without legal effect so far as her title and possession were concerned; and consequently that such dealings are to be ignored as without benefit to Whitcomb and without detriment to Sophia A. Everhart and her grantees.

The statute is unequivocal that the attornment of a tenant to a stranger to a landlord's title shall be void and of no effect on the landlord's possession unless the landlord consent or unless pursuant to a judgment at law or a decree in equity. (Gen. Stat. 1909, § 4703.) Without the statute such is the general rule of law, founded on principles of public policy. If the title held by the landlord should expire or be extinguished, the tenant may renounce his allegiance while holding possession of the premises. (*Weichselbaum v. Curlett,* 20 Kan. 709; *Fry v. Bowman,* 67 Kan. 531, 73 Pac. 61.) But so long as the landlord's title remains as it was when the tenancy was created, the tenant is not permitted to open the door to confusion and fraud by disputing it. (*Forbes v. Caldwell,* 39 Kan. 14, 17 Pac. 478.)

Sophia A. Everhart entered upon the land under a claim of full title. Whether this claim was sound in law or not, it was the basis of her occupancy, and possession under a claim of right constitutes a kind of title which may be asserted and defended in the courts and which may ripen into full title if maintained for the statutory period. The hostile character of this possession was not impaired by Whitcomb's tampering with her tenant. No rights were gained or lost by the void attornment, and her grantee and his successors are entitled to tack the full period of her adverse holding to their own.

The plaintiffs invoke the decision in the case of *Whittle v. Hughes,* 88 Kan. 702, 129 Pac. 1172. In that case the so-called patent title was extinguished by a tax deed. The tenant of the holder of the patent title then attorned to the tax-deed holder. Afterwards the

tenant purchased the patent title and undertook to assert it against his landlord, the tax-deed holder. He was not permitted to do so. His attornment was lawful because his former landlord's rights were cut off by a new and paramount title which he was at liberty to recognize. Having accepted the holder of the new title as his landlord he could not then dispute that title. In this case no change in Sophia A. Everhart's title occurred during the tenancy. The Prouty title was in existence when the tenancy was created. Sophia A. Everhart entered in opposition to that title, and a tenant who chose to lease from her could not while in possession under her shift his allegiance to her adversaries.

The judgment of the district court is affirmed.