No. 23,410.

ADA KLINGBEIL, as Agent and Manager of the L. KLINGBEIL ESTATE,
*Appellee*, v. FRITZ NEUBAUER, *Appellant*.

SYLLABUS BY THE COURT.

FORCIBLE DETAINER—*Agency*—*"Real Party in Interest"—Estoppel*. A tenant
who rents real property from another as agent and manager of the estate
of a deceased person cannot question the right of the plaintiff to recover in
an action of forcible detainer because she brings the action as agent and
manager of the estate of the deceased person.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed
January 7, 1922. Affirmed.

*J. I. Sheppard, James G. Sheppard,* and *Charles F. Newman,* all of Fort
Scott, for the appellant.
*H. A. Pritchard,* of Fort Scott, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action in forcible detainer. Judgment
was rendered for the plaintiff, and the defendant appeals.

It appears that L. Klingbeil died owning real property, among
which was the property in controversy. Two or three years before
this action was commenced, Ada Klingbeil, acting as agent and
manager of the Klingbeil estate, rented the property to the de-
fendant, who occupied it continuously until after judgment was
rendered in the district court. On May 24, 1920, plaintiff gave de-
fendant written notice that his tenancy would terminate thirty
days from that date, and on July 7, 1920, gave him written notice
to forthwith quit and leave the premises and that an action for the
possession thereof was about to be brought. The action was there-
after commenced and was tried before a justice of the peace on
July 24, 1920. A verdict was rendered in favor of the defendant,
and the plaintiff appealed to the district court. On July 24, 1920,
Frank Shoemaker, who owned an undivided one-twelfth interest in
the property, consented in writing that the defendant might con-
tinue to occupy the premises at the same rate of rent.

The defendant presents but one question: "One of the 'Real Par-
ties in Interest' was not joined either as plaintiff or defendant;
therefore plaintiff should not be permitted to maintain this action."
The defendant cites section 25 of the code of civil procedure which
provides that "every action must be prosecuted in the name of the
real party in interest except as otherwise provided in section 27."

Section 27 provides that "a person with whom or in whose name a contract is made for the benefit of another . . . may bring an action without joining with him the person for whose benefit it is prosecuted." However, this action is not on the contract made by the plaintiff with the defendant, it is to terminate the relation between the plaintiff and the defendant created by that contract. The defendant received the possession of the property from the plaintiff, and when that possession is terminated, the property should be returned to the plaintiff. This grows out of the principle of the landlord and tenant law, that a tenant cannot deny the title of his landlord. The defendant cannot defeat the plaintiff's right to recover by claiming to hold under some one of the tenants in common of the real property. (Gen. Stat. 1915, § 5969; *Brenner v. Bigelow,* 8 Kan. 496; *Pettigrew v. Mills,* 36 Kan. 745, 14 Pac. 170; *Forbes v. Caldwell,* 39 Kan. 14, 19, 17 Pac. 478; *Fry v. Boman,* 67 Kan. 531, 73 Pac. 61; *Whittle v. Hughes,* 88 Kan. 702, 129 Pac. 1172; *Ellsworth v. Eslick,* 91 Kan. 287, 292, 137 Pac. 973; 24 Cyc. 942.)

The judgment is affirmed.