No. 24,953.

HOMER MYERS, *Appellant,* v. GEORGE A. CLARK, C. G. KEESLING, *Appellees,* (ED BENNETT, *Appellant*).

SYLLABUS BY THE COURT.

PROMISSORY NOTES—*Secured by Absolute Deed as a Mortgage—Foreclosure—Attornment by Tenant—Claim for Rents.* A mortgagee of real property to whom a tenant attorns without the consent of his landlord, or pursuant to an order, judgment or decree of court, is not to be regarded as a mortgagee in possession.

Appeal from Gray district court; LITTLETON M. DAY, judge. Opinion filed February 9, 1924. Affirmed.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellant. *Will N. Bendure,* of Cimarron, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is a suit upon notes and to foreclose a deed as a mortgage. The plaintiff claimed to be a mortgagee in possession and entitled to rents to apply upon his debt. It was tried to the court. The court rendered judgment for plaintiff upon the notes, held the deed to be a mortgage, and decreed its foreclosure. The court found against plaintiff upon his claim of being a mortgagee in possession and rendered judgment against him for rents collected and from this judgment plaintiff appealed.

George A. Clark owned a quarter section of land in Gray county upon which there was a mortgage of $1,500, and he was in possession of the same by his tenant, Ed Bennett. Clark also owed a note for $946.45 to O. G. Hinshaw and a note for $2,670.34 to the State Bank of Sylvia, both of which notes were assigned to the plaintiff, Homer Myers. To secure these notes Clark, on October 15, 1921, executed a deed for the Gray county land to Homer Myers and on the same date Clark and Myers entered into a written agreement which

recited the giving of the deed and that "this deed is made to secure two notes," describing the two notes last above mentioned, and provided:

"It is understood that said second party is to get at least $4,000 for the land in case he sells it and apply the net proceeds on the above described note, and if he can sell the land for more than enough to pay the note, the excess is to be delivered to said party of the first part with cancelled notes. It is also understood that said party of the first part has the privilege of selling the land to the best possible advantage any time during the next six months and applying the proceeds of the sale on the above described notes."

Myers testified that some time between May 1 and 15, 1922, he wrote Clark, "As you have not taken care of your obligations and taken up the note, I will have to proceed to take over the land according to our contract." He received no response to this letter and Clark denies receiving it. Myers saw Clark repeatedly in the spring and summer of 1922 but never said anything to him about taking possession of the land. On June 12, 1922, Clark conveyed the land to C. G. Keesling by quit claim deed. Soon after this deed was executed—probably in July—Keesling saw Bennett and he says Bennett agreed to hold the rent on the place until the matter could be settled. Clark wrote to Bennett some time in July that he had conveyed his interest in the land to Keesling and that Keesling was entitled to the rent. Myers saw Bennett some time in June and made some arrangements with Bennett by which Bennett was to pay the rent to Myers. The land was in wheat and after the wheat was harvested and threshed Bennett did pay to Myers the rent, $634.79. Myers had no conversation with Keesling about the possession of the land, or the rent. In deciding the case the trial court disposes of the matter as follows:

"The evidence fails to show that either Clark or Keesling consented to the possession by Myers of the premises. The plaintiff claims possession by reason of the arrangement with Bennett, the tenant. Our statute on Landlords and Tenants provides: 'The attornment of a tenant to a stranger shall be void and shall not affect the possession of his landlord unless it be made with the consent of the landlord, or pursuant to a judgment at law or the order or decree of the court.' I find that there was no agreement by Clark or Keesling to this attornment by the tenant, Bennett, to Myers. Without such an agreement being shown, Bennett's act in recognizing Myers as landlord would not be sufficient to vest possession of the land in Myers."

The conclusion of the trial court is correct. It is clear that the deed was given as security for the two notes, and was in effect a

mortgage. Plaintiff's letter to Clark, even if received by Clark, was that he "would proceed to take over the land according to our contract," which could only mean that he would proceed to foreclose the deed and contract as a mortgage, which he later did. His evidence does not show an agreement at any time, either with Clark or Keesling, for the immediate possession of the premises. Such possession as he had was through the tenant, Bennett. But the tenant was without power to give possession to Myers. A tenant must recognize the title of his landlord and is not justified in paying rent to some one else, unless such payment is made with the consent of his landlord or in accordance with an order, judgment, or decree of a court. (R. S. 67-514; *Forbes v. Caldwell,* 39 Kan. 14, 19, 17 Pac. 479; *Ellsworth v. Eslick,* 91 Kan. 287, 292, 137 Pac. 973.)

The judgment of the court below is affirmed.