## Case No. 13,408.

### STEVENS v. RUGGLES et al.

[5 Mason, 221.] [1]

Circuit Court, D. Rhode Island.   Nov. Term. 1828.

DESCENT AND DISTRIBUTION—REALTY—UNKNOWN HEIRS—RHODE ISLAND STATUTES.

1. The statutes of Rhode Island of 1768 and 1822, respecting the estates of persons dying without leaving known heirs or representatives within the United States, apply to cases, where the person so dying was possessed of an undivided moiety of an estate, as well as to cases, where he held the whole. And to cases where the unknown heir or representative would take an undivided portion, as well as where he would take the whole of the estate descended.

2. Quære, whether the statutes apply to any cases, where the heirs remove from the state. after the death of the person from whom they take.

3. A tenant in common can recover no more than his own moiety or portion of the estate, where he has not disseized his co-tenants.

[Cited in King v. Hyatt (Kan. Sup.) 32 Pac. 1107.]

Ejectment [by Robert Stevens against Nathaniel S. Ruggles and others] for certain real estates in Newport.

The statement of facts was as follows: That Thomas Teagle Taylor, late of Newport, in the state of Rhode Island, made and executed his last will and testament at said Newport, in the year 1769, (which was subsequently duly proved,) and died about the year 1774, seized and possessed of the demanded premises. That all the devisees of the demanded premises, or any part thereof, at the time of his death, resided within the state of Rhode Island. That their names were Elizabeth, Catherine, Margaret, and Mary. That at the time of the testator's death, said Catherine was married to one Nicholas J. Tillinghast, and the said Mary, to Rains B. Waite. That said Thomas Teagle Taylor devised the demanded premises to his wife Patience, who is long since dead, for life, and after her death as follows: "I give and devise to my daughters, namely, Elizabeth Taylor, Catherine Tillinghast, Margaret Taylor, and Mary Waite, after the decease of my said wife, all that my lot of

[1] [Reported by William P. Mason, Esq.]

land and dwelling-house in Newport aforesaid, (except such part thereof as is hereinafter disposed of,) to them and their respective heirs and assigns forever, to be equally divided between them, share and share alike, to hold in severalty. Item, I give and devise to my two daughters, namely, Elizabeth Taylor and Margaret Taylor, all that southwest part of my said dwelling-house in Newport, containing a shop, back room, and entry, chambers and garret, being the whole of the addition 1 made to said house, and is known by the name of the shop-part, together with the land the same stands upon. Also, all my land to the southward of said addition, and to run from thence easterly 12 feet, and from thence southerly to the dividing line between Mr. Daniel Ayroult and myself, to be equally divided between them and to be and remain to them, their heirs and assigns for ever." That one Valentine Weightman, until his death, which happened about the year ——, had possession of the demanded premises, and claimed to hold the possession thereof, as agent of the owners of said estate, or a part of them. That all the devisees and heirs of said estate have long since removed from this state, some to Europe, some to the West Indies, and others to parts, to the parties in this suit unknown. That subsequent to the death of the said Valentine Weightman, one Charles Brayton, of Warwick, in said Rhode Island, was the agent of some or all of the heirs of Catherine Tillinghast, who were entitled to one undivided quarter part of the demanded premises, except the shop-part described in the will of the said Taylor herein before recited, and which shop-part was devised to said Taylor's daughters Elizabeth and Margaret. That afterwards, in the year 1818, said Charles Brayton purchased of one James Duncan and ——, his wife, their right, title, and interest, in one undivided fourth part of said estate. That the wife of said James Duncan was heir at law, or one of the heirs at law, of Catherine Tillinghast. That the plaintiff afterwards purchased of said Charles Brayton his interest in said estate by deed, bearing date the 4th day of May A. D. 1818. That after the deed of said Brayton to the plaintiff, he (the plaintiff) entered into possession of the demanded premises, and held the same until the 7th day of May A. D. 1827; when the town council of the town of Newport, by vote, directed Clarke Rodman, town treasurer of said town of Newport, to take possession of all the real estate of which the said Thomas Teagle Taylor died seized, lying in said town of Newport, to hold the same in conformity and by virtue of an act of the general assembly of the said state of Rhode Island, entitled "An act securing the estates of persons dying leaving real or personal estate within this state, and leaving no known heir or others entitled to distribution within this state." That afterwards, on the

9th day of said May, said Clarke Rodman did enter into and take possession of three undivided quarter parts of said demanded premises by virtue of said authority and direction, and leased the same to the defendants, who hold the said three undivided quarter parts of said estate from said Clarke Rodman in his said capacity. That said defendants hold the remaining quarter part of said estate of Robert Stevens, the plaintiff, and are liable to, and ready to pay the rent thereof to him. That at the time said town council directed said Clarke Rodman to take possession of said estate, said town council knew of no heirs of said devisees, or other person entitled to said estate residing within the United States, and that said town council do not now know of any heir or other person entitled to said estate residing within the United States. That since said Clarke Rodman, town treasurer as aforesaid, took possession of said estate, said Robert Stevens claimed of the town council of said Newport possession of said three quarter parts of said estate so taken possession of by said town treasurer, said Robert Stevens claiming to hold the same by virtue of his former possession, and as being himself entitled to an undivided quarter part thereof, which application was resisted by said Clarke Rodman, and refused by said town council. That no person claiming said three quarter parts of said estate or any part thereof, has demanded the same of said town council, or of said Clarke Rodman, nor has any person as agent to any one entitled to said estate, since the same was so taken possession of by said Clarke Rodman, in his capacity of town treasurer as aforesaid, demanded the same, except the demand of the said Robert Stevens made as aforesaid. If the court should be of opinion on this statement of facts, that the said Clarke Rodman, town treasurer as aforesaid, has no right to take and hold said three quarter parts of said demanded premises, judgment shall be rendered for the defendants for their costs. If the court should be of opinion, that said Robert Stevens, under his title as herein before set forth, and as tenant in common with the heirs of Thomas Teagle Taylor, is entitled to the possession of the whole estate, against the town treasurer of said town of Newport, that then and in that case, judgment shall be rendered for the plaintiff, for the demanded premises and his costs.

Pearce & Turner, for plaintiff.
R. K. Randolph, for defendants.

STORY, Circuit Justice. The demandant is admitted to be entitled to one quarter part of the estate in controversy; and he has never been ejected from it. As to the other three quarters, the defendants are in possession of it under the town council of Newport, who took possession and charge of it

by virtue of the statute of Rhode Island of 1768, empowering the town councils of the respective towns in the colony to take into their possession and care the estates of those persons, who shall die in their respective towns without leaving any heir or legal representatives in the colony, and of the statute of the same state of 1822 (R. I. Dig. 241) in furtherance of the same object.

The demandant seems to rely upon his own possession, before the town council took possession of the estate, as sufficient to entitle him to recover the whole of the estate. But his possession was not exclusive of the heirs of the three quarter parts not purchased by him. He was tenant in common with them, and his possession was quite consistent with their title. No act of disseizin of them is proved, or pretended. Under such circumstances, he can recover only according to the strength and extent of his own title. The tenants, being in possession, are entitled to hold it, until he establishes some title to displace them.

The demandant seems, also, to rely upon the ground, that, as tenant in common, he is entitled to a present possession of all the estate in the absence of the heirs, because the statute was not intended to apply to any cases, except those, where there was no heir or representative or legal claimant of any portion of it within the United States. The words of the act of 1822 are, "that when any person shall die, leaving any real or personal estate within this state, and shall leave no known heir or legal representative within the United States to claim the same, it shall be lawful for the town council of the town, in which such real or personal estate shall be, to direct the town treasurer to take the same into his possession, until the heir or other legal representative of such deceased person shall call for the same." The sound construction of this clause is, that it applies to so much of the estate of the deceased person, whether it be an undivided moiety or the whole, as is without a known heir or representative; for as to such portion of the estate, the deceased, in the very words of the statute, died, "leaving no known heir or representative within the United States." A co-heir or co-tenant is in no just sense the heir or representative of the deceased thereto. The case is equally within the mischief of the statute, whether the deceased be the owner of the whole, or of an undivided portion of the estate; and whether his unknown heir take the whole, or an undivided portion of it by descent. In each case, the object is to preserve the estate in the possession of the town treasurer for the benefit of the rightful owner, whenever he shall appear.

The only real doubt upon the words of the statute is, whether a person, who dies leaving heirs or representatives within the United States at the time of his death, who afterwards remove from the United States,

and leave no representatives behind, is within its purview. In strictness of construction, the words seem limited to cases, where there is no known heir or representative of the deceased left within the United States at the time of his death. Perhaps it is not easy to enlarge that construction by implication, so as to reach all the mischiefs arising from subsequent events.

In the present case, it does not appear from the state of facts, what has become of the devisees and immediate heirs of the estate of T. T. Taylor. They are said long since to have removed abroad. Whether they are now living, does not appear. The fair presumption from the lapse of time may be, that all of them have died since their removal, and that thereby a descent has been cast upon their own heirs. If so, then as these last heirs are unknown, the case would be fairly within the reach of the statute to the extent of the three quarters now claimed.

The statement is not sufficiently precise to enable the court to draw such a conclusion with absolute certainty. The case must, therefore, be determined upon the first ground; and for want of any title in the demandant, his right of recovery must be limited to one quarter part of the demanded premises.

Judgment accordingly.