51 504
51 519

SAMUEL C. KING v. THADDEUS HYATT.

1. SUPPLEMENTAL PETITION — *Notice—Waiver.* The district court has power to permit a supplemental petition to be filed, on notice, and on such terms as to costs as the court may prescribe, and, where a plaintiff is permitted to file a supplemental petition during the trial without previous notice, if the defendant only objects to the filing on grounds other than want of notice, and proceeds with the trial without making any application for delay, he cannot afterward complain of want of notice.

2. DEED BY HEIRS — *Evidence of Identity.* Where parents and their children unite in a deed conveying lands belonging to the estate of a deceased member of the family, a statement that the persons so joining in the deed are heirs of the decedent is admissible as evidence of the identity of a sister of the decedent joining in the conveyance as an heir under a surname different from her maiden name.

3. EJECTMENT — *Measure of Recovery.* Where the owner of an undivided one-fourth interest in a tract of land, acting solely for himself, sues to recover the whole tract from a person in possession under an adverse title, and where it appears that the plaintiff and the holder of the other three-fourths have no community of interest, and do not recognize each others' titles, *held*, that the plaintiff can only recover possession of his own share, in an action of ejectment.

*Error from Atchison District Court.*

ACTION by *Hyatt* against *King* to recover possession of certain land. Plaintiff had judgment, and defendant comes to this court. The material facts are stated in the opinion.

*Henry Elliston* and *S. Heath*, for plaintiff in error:

It was error in the court below to allow the filing by plaintiff, under the circumstances of this case, of the instrument termed by him a "supplemental petition." See *Porter v. Wells*, 6 Kas. 453; *Smith v. Smith*, 22 id. 699; Dan. Ch. Pl. & Pr., 5th ed., 1516, and cases cited; *Slawson v. Englehart*, 34 Barb. 198; *Pinch v. Anthony*, 10 Allen, 477; *Holly v. Graf*, 29 Hun, 443; *Straughan v. Holwood*, 8 Am. Rep. 30; *Lowry v. Harris*, 12 Minn. 255; *Goodacre v. Skinner*, 47 Kas. 575; *Hunt v. Finkham*, 21 Ill. 21.

No evidence was given at the trial to show that Henry Lee and Olivia D. Lee ever had any interest in the land. As Smith obtained nothing by his conveyance, he had nothing to convey to others, and nothing passed by the subsequent deeds of himself and grantees.

It may be claimed that the said deed to A. G. Smith recited that Henry Lee and Olivia D. Lee were heirs of William C. Nutt, and that the recitals were some evidence. Such recitals were no evidence whatever as against King, being statements that do not even bind the grantee in the deed, but only the grantor, and can be used as evidence only where the admissions of a grantor are competent evidence. *Costello v. Burke*, 63 Iowa, 361; *Shoemaker v. McGonigle*, 86 Ind. 421; *Grogan v. Vache*, 45 Cal. 610, 613.

The court erred in instructing the jury to find that the plaintiff below was the owner of the undivided one-fourth part of the land in controversy, and entitled to the possession of the entire tract. The evidence did not show him to be owner of said one-fourth part. There was not enough competent evidence offered to show title to anyone, other than King, in the land. But putting the most favorable construc-

tion upon the evidence for plaintiff below, all of the original title was either in James Headley and Samuel Lord, jr., or if not in those two alone, then in those two and Olivia D. Nutt. If it be claimed that Olivia D. Lee, one of the parties to the deed to A. G. Smith, was the same person as Olivia D. Nutt, we answer that there was not an iota of testimony given at the trial to prove it.

*L. F. Bird*, for defendant in error:

The plaintiff in error complains of the action of the court in allowing the plaintiff to file a supplemental petition. It is for the best interests of everyone that all litigation be ended, and it would have served no good purpose to have compelled Hyatt to dismiss his case and commence a new action when the same result could be obtained by allowing him to amend his petition in the case already pending. The court only exercised a discretion expressly given it by statute, and, if no abuse of that discretion is shown, there is no error. Civil Code, §§ 139, 140, 142, 144; *Porter v. Wells*, 6 Kas. 453; *Clark v. Spencer*, 14 id. 398, 404, 405; *Newell v. Newell*, 14 id. 202; *K. P. Rly. Co. v. Salmon*, 14 id. 512; *Tefft v. Firey*, 22 id. 761; *Simpson v. Voss*, 31 id. 230; *Williams v. Moorehead*, 33 id. 618; *Flint v. Dulaney*, 37 id. 332; *C. B. U. P. Rld. Co. v. Andrews*, 41 id. 376; *Dreilling v. National Bank*, 43 id. 197; *Austin v. Jones*, 47 id. 565.

The plaintiff in error also complains of the decision of the court, that Hyatt, having proved title to an undivided one-fourth interest in the land, was entitled to the possession of the entire tract as against King. The court was right. A tenant in common is seized *per my et per tout*, and he has such an interest in the lands of the cotenancy as entitles him to the enjoyment of the entire estate as against everyone except his cotenants. Each tenant can pursue his remedies independent of the others, and may maintain ejectment alone and recover the entire premises and estate from trespassers, strangers, wrongdoers, and all persons other than his cotenants and those claiming under them. Sedg. & W. Tit., 2d. ed., § 300, notes

2–10; *Coulson v. Wing,* 42 Kas. 507; *Smith v. Starkweather,* 5 Day, 210; *Williams v. Sutton,* 43 Cal. 71; *Water Co. v. Perdew,* 65 id. 452; *Newman v. Bank of California,* 22 Pac. Rep. (Cal.) 261, citing *Chapman v. Quinn,* 56 Cal. 266; *Hutchins v. Bacon,* 46 Tex. 414; *Read v. Allen,* 56 id. 176; *Sowers v. Peterson,* 59 id. 216; *Bounds v. Little,* 12 S. W. Rep. (Tex.) 1109; *Ney v. Numme,* 17 id. (Tex.) 408, and cases.

But the plaintiff in error contends that Hyatt did not acquire the interest of Olivia D. Lee (Nutt), because he failed to show that Olivia D. Lee was Olivia D. Nutt, and certain authorities are cited to show that recitals in a deed are no evidence of pedigree. No one questions those authorities, but they have no bearing on this case, for the following reasons: Hyatt showed by abundant evidence that Olivia D. Lee was Olivia D. Nutt; by the records in the probate court, that Moncure E. Nutt and Ann E. Nutt, the parents, and Julia T. Blackwell and Olivia D. Nutt, the sisters, were all the heirs of William C. Nutt, and that was also shown by witness Luther C. Challiss. He showed that Olivia D. Nutt was unmarried at the time of her brother's death, but was married afterwards. It was also shown that Albert G. Smith, who first obtained a conveyance of her interest in her brother's estate, was the administrator of that estate; and Luther C. Challiss, who in turn bought such interest of Albert G. Smith, testified that he made inquiries as to who the heirs were, both in Kansas and Virginia, and examined the records, and found that he was getting title from the heirs in that way.

The opinion of the court was delivered by

ALLEN, J.: This was an action of ejectment, brought by defendant in error, Hyatt, to recover possession of 16¼ acres of land near Atchison. The plaintiff was adjudged to be the owner of an undivided one-fourth interest in the land, and was given judgment for the possession of the whole tract. Very numerous assignments of error are made and discussed by the plaintiff in error. We shall notice only such as appear to us worthy of mention. Plaintiff in error was in

possession of the land under a tax deed dated September 18, 1885, issued to R. L. Pease, and a quitclaim deed from Pease to him; also, a quitclaim deed from George T. Challiss, dated November 20, 1882. Hyatt claimed title derived through a chain of conveyances from the heirs of William C. Nutt, who held the land under patent from the United States. William C. Nutt died leaving four heirs, who conveyed the south half of the southeast quarter of section 35, township 5, range 20, Atchison county, Kansas, in which the tract in controversy is included, to James A. Headley and Joseph P. Carr, on the 28th day of April, 1858, but this deed was void as to the interest of Olivia D. Nutt, who at time was a minor. The deed purports to have been executed by M. E. Nutt, as her guardian, and he is not shown to have had any authority to convey her interest in the land. A sheriff's deed founded on a void judgment against Headley and Carr, which was afterward set aside by the court, was executed to L. C. Challiss, and plaintiff's title was derived through intermediate conveyances from Challiss. This title, however, was fortified by a quitclaim deed from the heirs of William C. Nutt to Albert G. Smith, dated August 28, 1871. This deed was executed by Harry Lee and Olivia D. Lee, together with the same persons who joined in the first deed as heirs of William C. Nutt, except Olivia D. Nutt, by her guardian, and this later deed designates the grantors as heirs of William C. Nutt. Whatever title was conveyed by this deed passed, through intermediate conveyances, or by reason of the covenants of warranty contained in former deeds, to Hyatt, but the plaintiff is not shown to have acquired the title which passed to Headley and Carr by virtue of the first deed, executed by the Nutt heirs. So far as the record shows, three-sixteenths of that title was conveyed by Headley and Carr to Samuel Lord, jr., and the balance to James Headley.

Plaintiff in error contends that the court erred in permitting record copies of various deeds to be admitted in evidence, for the reason that there is not a sufficient showing that the

originals were not in plaintiff's possession or under his control. We think, however, there was sufficient testimony to warrant the court in receiving them. We think, also, that records of the probate court, including the affidavit of Smith, were admissible, being records required to be kept by law.

Plaintiff in error criticises at length the descriptions in the various deeds included in the plaintiff's chain of title, and contends that they are void for uncertainty. We think, however, when taken in connection with all the facts shown in the case, it is clear that they refer to the land in controversy, and are not void. It appears that on the trial plaintiff asked leave of court and was permitted to file a supplemental petition, setting up an after-acquired title. Defendant objected at the time, but made no point of the want of notice of the application. The defendant strenuously contended that it was error for the court to permit this to be done. Section 144 of the code expressly authorizes this procedure, and no claim is made that the issues were so changed by the supplemental petition as to require a continuance. While it is true that, in permitting a supplemental petition to be filed, the court should see that no undue advantage is taken through an unexpected change of the issues in the case, the statute clearly authorizes the filing of such pleadings, on such terms as to costs and on such notice as the court may prescribe. The case of *Smith v. Smith*, 22 Kas. 699, is cited as being in opposition to the ruling of the court in this case. That was an action to obtain a divorce, and it was held that the court did not err in refusing to permit the plaintiff to file a supplemental petition, setting up a cause of action accruing after the commencement of the suit. That case merely holds that the plaintiff could not file such supplemental petition as a matter of right, and that it was within the discretion of the court to refuse his application for leave to file it. In this case the court granted leave, and we think its action in that respect was not erroneous. (See *Porter v. Wells*, 6 Kas. 453; *Simpson v. Voss*, 31 id. 227; *Williams v. Moorehead*, 33 id. 618; *Dreilling v. National Bank*, 43 id. 197.) These and

1. Supplemental petition — notice — waiver.

other cases decided by this court hold that the matter of permitting amended and supplemental pleadings to be filed rests largely within the sound discretion of the trial court, and we think there was no abuse of discretion in this case. No application for a delay of the trial was made by the defendant, nor was there any showing of surprise, or undue advantage, being taken.

It is claimed that there is no evidence that Olivia D. Lee, who joined in the deed to A. G. Smith, is the same person as Olivia D. Nutt. The testimony of L. C. Challiss shows that Olivia D. Nutt was unmarried at the time of the death of William C. Nutt, and that she afterward married, but he does not state the name of her husband. The deed to Smith which was joined in by the parents and sister of Olivia D. Nutt gives the name of Olivia D. Lee as one of the heirs of William C. Nutt, deceased, and names four persons as all the heirs of William C. Nutt. We think the declarations of these relatives, contained in the deed, with reference to the fact that Olivia D. Lee was an heir of William C. Nutt, is evidence of that fact, being a declaration by them in a solemn instrument upon a matter of pedigree, and that in the absence of opposing evidence the identity of Olivia D. Lee with Olivia D. Nutt is sufficiently shown. (1 Greenl. Ev., § 104.)

2. Deed by heirs—evidence of identity.

The tax deed to Pease, not being attested by the seal of Atchison county, is void. (*Reed v. Morse,* ante, p. 141.)

We think, notwithstanding the many objections urged by the plaintiff in error, that the uncontradicted evidence fairly sustains the finding that Hyatt was the owner of an undivided one-fourth of the land in controversy, and that the court was warranted in so instructing the jury. We are unable to preceive any disputed question of fact which they should have been required to pass on.

The record, however, presents a further question, which merits more extended notice, viz : Can the plaintiff, having title only to one-fourth, recover the whole tract, on the theory that such recovery is permitted for the benefit of his coten-

ants? This is a question on which there is a great diversity and conflict in the authorities. In Sedgwick & Wait on Trial of Title to Land, § 300, it is said:

"Each tenant can pursue his remedies independent of the others, and may maintain ejectment or trespass to try title alone, and in many states may recover the entire premises and estate from trespassers, strangers, wrongdoers, and all persons other than his cotenants and those claiming under them. Where this right is recognized, he recovers for the benefit of all."

This principle is expressly recognized in Oregon, Nebraska, Nevada, North Carolina, Colorado, and California, but this rule has been repudiated in Massachusetts, Pennsylvania, and Missouri. In Freeman on Cotenancy and Partition, § 343, it is said:

"A tenant in common is, as against every person but his cotenants, entitled to possession of every part of the common lands. He may, therefore, in most of the states, recover possession of all such lands, in an action of ejectment brought against a stranger to the common title."

In the case of *Hardy v. Johnson*, 1 Wall. 371, it is held:

"By the law of California, one tenant in common of real property can sue in ejectment and recover the demanded premises entire as against all parties except his cotenants, and persons holding under them. But the judgment for the plaintiff in such case will be in subordination to the rights of his cotenants."

The following decisions of the supreme court of that state seem to uphold this decision: *Newman v. Bank of California*, 27 Circuit Rep. 261; *Williams v. Sutton*, 43 Cal. 71; *Chapman v. Quinn*, 56 id. 266.

In *Barrett v. French*, 1 Conn. 364, it is said:

"Where one tenant in common brings an action of disseisin, and grounds his claim to recover on the common title, he recovers for the benefit of the whole; the possession of one tenant in common recognizing the title of his cotenants is, in legal consideration, the possession of all. Of course, if a tenant in common in such action obtains possession of the land, his cotenants become likewise possessed."

In *Hibbard v. Foster*, 24 Vt. 542, it was held "that, in an action of trespass *quare clausum fregit*, the plaintiff having title to one-half the premises might recover the whole damages."

In *Crooks v. Vandevort*, 13 Neb. 505, it is said: "As against a mere disseisor, one tenant in common of undivided real estate may recover the possession of the premises, as his recovery of possession will inure to the benefit of all the cotenants;" citing *Stark v. Barrett*, 15 Cal. 362; *Collier v. Corbett*, 15 id. 183; *Touchard v. Crow*, 20 id. 150; *Treat v. Riley*, 35 id. 129; *Chesround v. Cunningham*, 3 Blackf. 82. "In such cases there would be a mere defect of parties plaintiff, which, if not objected to, would not defeat a recovery."

The rule that one tenant in common may recover the whole tract was announced by the supreme court of Texas in numerous cases. *Croft v. Rains*, 10 Tex. 523; *Watrous v. McGrew*, 16 id. 510; *Grassmeyer v. Beeson*, 18 id. 766; *Hutchings v. Bacon*, 46 id. 414; *Read v. Allen*, 56 id. 176; *Sowers v. Peterson*, 59 id. 216. But in the case of *Cromwell v. Holiday*, 34 Tex. 463, the court says:

"Proceeding upon the authority of *Croft v. Rains*, 10 Tex. 520; *Watrous v. McGrew*, 16 id. 506; and *Grassmeyer v. Beeson*, 18 id. 753, claiming to be a tenant in common of certain parties whose very existence is doubted, he brings this suit against the defendants below, treating them as strangers and trespassers, and probably looking to the advantage of recovery, he would claim the whole two leagues. To say the least of it, this gives the action on the part of Holliday very much the appearance of a land speculation, although he does not pretend to sue for anybody but himself, and therefore, upon the authority of *Stevens v. Ruggles*, 5 Mason, 221, if he recover at all, he can only recover for himself the interest to which he is justly entitled, whether by metes and bounds or undivided. This court would not, under the circumstances, in the application of any principle of equity, make him trustee of the title for his cotenants, if satisfied that the title of the defendants below was insufficient to defeat his action."

In the early case of *Dewey v. Brown*, 2 Pick. 387, the supreme court of Massachusetts said:

"As to the claim of the demandant for judgment for the whole, it is not supported by any of the authorities which have been cited, and no good reason can be given for such a judgment. The demandant, upon production of her title, shows that she is coheir with five others; she will therefore have entire justice done to her if she is allowed to recover an undivided sixth part. The tenant, being in possession, ought not to be disturbed, except by those who have the right."

In *Mobley v. Bruner*, 59 Pa. St. 483, it is said:

"The plaintiff in ejectment must recover on the strength of his own title, and his recovery must consequently be in accordance with his title. Tenants in common have several and distinct titles and estates, independent of each other, so as to render the freehold several also. They are separately seized, and there is no privity of estate between them. If tenants in common are separately seized, and there is no privity of estate between them, if they must sue separately or joint, according to the circumstances of the case, the nature and the cause of the action, or the character of the injury to be redressed, it follows as a necessary corollary that one tenant in common cannot maintain ejectment or sue and recover in any form of action for the interest and benefit of the others. (*Dawson v. Mills*, 32 Pa. St. 302.)"

In *Gray v. Given*, 26 Mo. 303, it is said:

"It was formerly held that a plaintiff in ejectment could not recover an undivided part when he claimed an entirety, but this strictness no longer prevails; and though a plaintiff may recover less than he claims, it is apprehended that he cannot recover more than he shows title to. But it is said that, though this is the general rule, there is a difference when the defendant is a stranger to the plaintiff's title, and that as to him one tenant in common, though entitled to only a part, may recover the whole, and, when he is put into possession, will hold for the other tenants in common as well as for himself. At common law, tenants in common could not recover on a joint demise, and 'as the right of possession, which depends on title, is several, a recovery by one will restore him only a moiety of the possession against the disseisor, who will hold the other moiety with him in common.' Our statute

permits tenants in common to join, but there is no use in this if one can recover for the others, and, if this is true, A. may recover for B., though B. could not recover for himself. It often happens that one tenant in common is barred by limitation when the other is not, and a title may be acquired by adverse possession."

While there is undoubtedly much conflict in the authorities, it is not so great as might appear from the language found in some of the cases. We think the rule quite well established, that one tenant in common may maintain an action of trespass against a mere wrongdoer and recover in his own name the whole damage, and generally that one cotenant may recover for any injury done by a mere trespasser or wrongdoer. Nor are we prepared to assert that cases may not arise in which one cotenant might recover possession of the whole property in his own name for the benefit of all. See *Coulson v. Wing*, 42 Kas. 507. But in this case there appears to be no community of interest between Hyatt and the owners of the other three-fourths of the land. Hyatt derived his title through a chain of conveyances from the heirs of William C. Nutt, beginning with a deed to Albert G. Smith, while the other three-fourths interest would appear to be vested in James Headley, who derived his title through a much earlier conveyance, made by those heirs to Headley and Carr, and the validity of Hyatt's title depends wholly on a defect in this conveyance to Headley and Carr, so that in fact there would appear to be as much antagonism between the claim of the plaintiff below and the owner of the other three-fourths interest as between the parties to this action. The case impresses us as quite different from one where, for example, a widow might sue in her own name and seek to recover of the entire estate for the benefit of herself and children; yet as to the necessity of joining all the heirs in such a case we express no opinion. The code provides "that every action must be prosecuted in the name of the real party in interest," subject to certain exceptions, which do not affect this case. If the plaintiff be allowed to recover in this ac-

tion the whole property, he will, on the strength of a title to one-fourth, have recovered possession of three-fourths to which he has no title; and, under the facts in this case, having so obtained possession of the entire property, he will not be estopped from denying the title of the owner of the other three-fourths. In bringing this action, the plaintiff sought to recover the whole property. In his petition, he gives no hint of any outstanding title in a cotenant. We think that, under all the facts of the case, as they are claimed by the defendant in error to be, he could recover only the interest he has shown in the land; and the jury having rendered a verdict, under the instructions of the court, that the plaintiff is the owner of the undivided one-fourth part of the land in controversy, the judgment should be so modified as to give the plaintiff below judgment for the recovery of that one-fourth alone.

3. Ejectment—measure of recovery.

The plaintiff in error complains of the failure of the trial court to adjudge the payment of the amount of taxes paid under his tax deed before the plaintiff should be let into possession. We do not think this an error for which the judgment should be reversed, but that the court can still make such orders as the law requires with reference to the tax lien and the value of improvements made by the occupying claimant. The case will be remanded, with directions to modify the judgment in accordance with the views herein expressed.

All the Justices concurring.