A. M. HORNER *et al.* V. A. W. ELLIS.

No. 14,692.   (90 Pac. 275.)

SYLLABUS BY THE COURT.

1. CONTRACTS—*Specific Performance—Jurisdiction of Defend-ant.* Prior to the enactment of chapter 384 of the Laws of 1903 a suit for the specific performance of a contract to convey real estate was an action *in personam* and could be brought only in the county where the defendants or any of them resided, but no jurisdiction of a defendant could be obtained by publication service.

2. EJECTMENT—*Issue to be Tried.* The issue in an action of ejectment is, Who has the better title? And the title of a tenant in common owning a moiety of the fee is superior to that of one in possession of the land under a voidable tax deed.

3. —————— *Tenant in Common of the Fee—Holder of Voidable Tax Deed.* A tenant in common owning a moiety of the fee may in an action of ejectment recover the entire possession of a tract of land from one who holds the same only by virtue of a voidable tax deed, on payment of the lien for taxes.

Error from Pratt district court; PRESTON B. GIL-LETT, judge.   Opinion filed May 11, 1907.   Affirmed.

*C. W. Fairchild,* for plaintiffs in error.

*William Barrett,* and *R. F. Crick,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: This action in ejectment was brought in the district court of Pratt county by A. W. Ellis against A. M. Horner and Daisy M. Hutto to recover possession of 160 acres of land in that county. The case was tried by the court, without a jury. Judgment was rendered in favor of the plaintiff, subject to the payment of a tax lien, and the defendants bring the case here for review.

The land in question was patented by the United States to William H. Albright, who, when he was advanced in years and without wife or child, made an

agreement with his niece, Emily Irene Knowlton, as she alleged in her suit against his heirs for specific performance of the contract, that if she would go with him to a hospital, where he was going for an operation, and would nurse him and live with and take care of him till he died, he would give her the land in question; that he told her he had already executed and delivered a deed of the land to a man in Pratt county, with instructions to deliver it to her on receipt of information that he was dead. She also alleged that her uncle died without making the transfer, and pleaded fully the execution of the contract on her part. The petition did not disclose whether this contract was oral or in writing, and did not allege that the plaintiff went into possession of the land under the contract or that she made any improvements thereon.

Probably this petition did not state facts sufficient to constitute an equitable cause of action for specific performance of the contract. (*Baldwin v. Squier*, 31 Kan. 283, 1 Pac. 591.) But even if it did not it does not follow that the judgment rendered thereon is void or that it is by reason thereof subject to collateral attack. The petition does contain sufficient matter to challenge the attention of the court to its merits, and therefore the judgment is not void. (See *Rowe v. Palmer*, 29 Kan. 337; *Head v. Daniels*, 38 Kan. 1, 15 Pac. 911.)

The service in the Knowlton case was personal upon Mrs. Fowler (one of the heirs) and her husband in Pratt county; and, the other defendants being nonresidents of the state of Kansas, an attempt was made to get service upon them by publication. No one appeared, and judgment was rendered against all the heirs as upon default.

There was no element of trust between Albright and his niece, Knowlton, and under the decision in *Close v. Wheaton*, 65 Kan. 830, 70 Pac. 891, the court acquired no jurisdiction of the persons of the defend-

ants, except by personal service. In that case it was said:

"An action to compel the specific performance of an agreement to convey land, if the defendant's obligation is in contract merely, without any element of trust, is an action *in personam*, and must be brought in the county where the defendant resides, and not of necessity in the county where the land is situated." (See, also, Gen. Stat. 1901, §§ 4476, 4477.)

This was the law of this state at the time the Knowlton suit for specific performance was brought and determined and until the enactment of chapter 384 of the Laws of 1903. Mrs. Fowler, who with her husband was personally served with summons, resided in Pratt county, and she was a sister and heir of W. H. Albright, the patentee. Emily Irene Knowlton's mother was also a sister of Albright, and died before his decease, so Miss Knowlton was also an heir to the estate. By the judgment she acquired the moiety of title inherited by Mrs. Fowler, and afterward conveyed all her interest in the land to O. H. Bock, who, in turn, conveyed it to A. W. Ellis, the plaintiff.

After she was stripped of any title to the land by the judgment Mrs. Fowler obtained a tax deed to the land and sold and conveyed all her rights therein to A. M. Horner, who afterward brought an action to quiet the title to this and several other tracts of land and made W. H. Albright a party defendant, and attempted to get service upon him by publication. That action was brought and the publication was made, however, some years after the death of W. H. Albright, and, of course, Horner's title to the land in question was not strengthened thereby. Thereafter Horner and wife conveyed their interest in the land to their daughter, Daisy M. Hutto, whose title rests solely upon the tax deed to Mrs. Fowler. The court held this tax deed voidable and set it aside, awarding Mrs. Hutto a lien for the taxes paid. Of this decision no complaint is made.

The judgment of the court below, then, rests upon

the question whether Ellis, as a tenant in common with the heirs of W. H. Albright, other than Mrs. Fowler and Miss Knowlton, is entitled to recover the possession of the land against a defendant who had no title thereto but was in possession and entitled to a lien thereon for taxes paid. We answer this question in the affirmative. In this state the question in ejectment is, Who has the superior title? (*Hollenback v. Ess*, 31 Kan. 87, 88, 1 Pac. 275.) A cotenant may recover the whole property against one who has no title. (*Newman v. Bank of California*, 80 Cal. 368, 22 Pac. 261, 5 L. R. A. 467, 13 Am. St. Rep. 169; *Chapman v. Quinn*, 56 Cal. 266; *Quinn v. Chapman*, 111 U. S. 445, 4 Sup. Ct. 508, 28 L. Ed. 476; *Duffey v. Rafferty*, 15 Kan. 9; *Simpson v. Boring*, 16 Kan. 248.)

The judgment is affirmed.