No. 30,852.

W. A. SINCLAIR et al., *Appellees*, v. THE MISSOURI PACIFIC RAILROAD COMPANY, *Appellant*.

(18 P. 2d 195.)

Opinion filed January 28, 1933.

*W. P. Waggener, J. M. Challiss, O. P. May, B. P. Waggener,* all of Atchison, and *R. H. Seeds,* of Abilene, for the appellant.

*Matt Guilfoyle,* of Abilene, and *W. H. Carpenter,* of Marion, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is a condemnation proceeding. The principal question presented here is whether the appeal bond, signed by a part only of the tenants in common, owners of the real property con-

demned, gave the court jurisdiction of the appeal as to the other tenants in common. Allied with that is the question whether the bond given was sufficient to authorize the district court to permit its amendment.

The railroad company, desiring to construct its road on a new right of way through a portion of Dickinson county, commenced condemnation proceedings to obtain the right of way through a tract of land owned by W. A. Sinclair, Ellsworth Sinclair, Jennie Sinclair, Katie Graffis, Erma Moore and Aaron Sinclair, as tenants in common. Commissioners were appointed who made an award of $915. Within ten days thereafter an appeal bond was filed. In its caption all of the owners of the real property were named. It recited (among other things not complained of) "That we, Katie Graffis, . . . as principal, and W. A. Sinclair, . . . as surety, are held and firmly bound," etc. It was conditioned that, whereas the railroad company had caused commissioners to be appointed who "did assess and appraise the land and all damages to the following described property belonging to W. A. Sinclair, Ellsworth Sinclair, Jennie Sinclair, Katie Graffis, Erma Moore and Aaron Sinclair (the property is described), . . . and, whereas, said landowners feel themselves aggrieved by such assessment, and intend to appeal therefrom to the district court of said Dickinson county, Kansas, Now, therefore, . . ." It was signed by Katie Graffis and W. A. Sinclair, and W. A. Sinclair signed an affidavit qualifying as surety on the bond, which bond was approved by the clerk of the district court.

After the time provided by statute for appeal had expired the railroad company filed a motion to dismiss the appeal as to all of the owners of the property except Katie Graffis, named as principal in the appeal bond given. Thereafter the other owners of the property filed a motion asking leave of court to amend the appeal bond so as to name all of the owners of the real property as principals and to have additional surety. Both motions came on to be heard. The court overruled the motion of the railroad company and sustained the motion of the property owners. Thereafter an amended appeal bond was filed, substantially the same as the first, except that all of the tenants in common, owners of the real property, were named as principals and a third person as surety, and the bond was signed by all of the owners as principals and by the surety. Thereafter a trial was had, resulting in an award to the property owners of $1,526.35. In the meantime Katie Graffis had

died and there had been a reviver in the name of Jake Graffis, her sole and only heir, but no point is made of that. After the verdict the railroad company moved to reduce the verdict to the amount representing the interest of Jake Graffis, successor in interest to Katie Graffis, the only claimant that perfected an appeal by giving bond within the time provided by law. This motion was overruled.

In this court the appellant contends that but one of the several owners of the real property appealed—that the others did not even make an attempt to appeal, hence, as to them, there was no appeal—and that there was nothing in the nature of an appeal bond filed by them in court which could be amended. Cases are cited and relied upon (*Lovitt v. Wellington & Western Rld. Co.,* 26 Kan. 297, and *St. L. K. & S. W. Rly. Co. v. Morse,* 50 Kan. 99, 31 Pac. 676) in which the appeal bond given, or the instrument purporting to be a bond, was for some reason void *in toto,* in which cases it was held there was nothing to amend, and hence an attempted amendment after the time for appeal had expired was without effect.

The proceeding before us does not fall within the rule of those cases. Each tenant in common of real property has an undivided title and the right to possession of the property (*Schwab v. Wyss,* 136 Kan. 54, 12 P. 2d 719). He may maintain forcible entry and detainer (*Klingbeil v. Neubauer,* 111 Kan. 716, 208 Pac. 255), or an action in trespass (*King v. Hyatt,* 51 Kan. 504, 32 Pac. 1105), or in ejectment (*Horner v. Ellis,* 75 Kan. 675, 90 Pac. 275), and recover for the entire property. Here the owners of the property were treated as a unit in the award made. There were no separate awards for the respective owners. The bond recites, after having named the owners of the land, "said landowners feel themselves aggrieved . . . and intend to appeal." It is quite clear that the appeal was taken on behalf of all cotenants and for their benefit. Generally the rights of all cotenants will be saved from the operation of a statute of limitations by any cause that will prevent its running against any of them. (38 Cyc. 123.) Perhaps, in the light of the authorities above mentioned, it could have been determined for the benefit of all under that bond, but we do not need to decide that question. Certainly the bond was not void *in toto.* If there were any question about the form of the bond it was within the discretion of the court to permit it to be amended. (*McClelland*

*Bros. v. Allison,* 34 Kan. 155, 8 Pac. 239; *St. L. & S. F. Rly. Co. v. Hurst,* 52 Kan. 609, 35 Pac. 211; *Parker v. Gibson,* 78 Kan. 90, 96 Pac. 35; *Elliott v. Bellevue,* 82 Kan. 78, 107 Pac. 794; *Wood v. School District,* 102 Kan. 78, 169 Pac. 555; *Burke v. Missouri-K.-T. Rld. Co.,* 132 Kan. 625, 296 Pac. 380.)

We find no error in the ruling of the trial court, and its judgment is affirmed.

THIELE, J., not participating.