No. 33,870

N. J. NELSON and MILDRETH NELSON, *Appellants*, v. THE CITY OF OSAWATOMIE, *Appellee*.

(79 P. 2d 857)

Opinion filed June 11, 1938.

*Ben F. Winchel,* of Osawatomie, for the appellants.

*L. Perry Bishop* and *Bernard L. Sheridan,* both of Paola, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This appeal involves the validity of a bond given by property owners in their attempt to appeal to the district court from an award of commissioners in a condemnation proceeding. In September, 1937, the governing body of the city of Osawatomie desired to acquire about thirty-two acres of land owned by appellants for the purpose of constructing a dam and lake for impounding water for the use of the city. The proceedings were had under G. S. 1935, ch. 26, art. 2. A proper petition was duly presented to the district court, commissioners were appointed who gave the notice required by statute and proceeded to condemn the property, and made an appraisement and assessment of damages of $1,203.75 for the land taken and $585 for damages to the land not taken. It appears appellants' title to the property had been acquired by an instrument which named both of them as grantees. Because of that the commissioners divided the damages and awarded each of them one half of the total. The report was filed September 21, 1937. Being dissatisfied with the amount of the award, appellants on October 16, 1937, filed their notice of appeal. There is no substantial controversy respecting this notice. On the same date they filed with the clerk of the district court their appeal bond, the obligation of which reads:

"Now, therefore, we, N. J. Nelson and Mildreth A. Nelson, as principals, and fifty dollars ($50) cash deposit as surety, do hereby, jointly and severally, promise and agree and bind ourselves unto the state of Kansas that said respondents, N. J. Nelson and Mildreth A. Nelson, will pay all costs of said appeal, if they shall be by the court adjudged to pay the same."

At the same time they deposited $50 cash with the clerk of the court. The clerk receipted for this cash deposit and formally approved the bond October 20, 1937.

On November 5, 1937, the city, through its attorney, filed what is denominated "Motion by special appearance to quash and dismiss purported appeal," on the grounds: (1) That the district court is without jurisdiction of the persons or of the subject matter involved; (2) that no appeal bond has been filed by appellants, or either of them, as required by law, within the time provided by law; and (3) that no appeal has been perfected by the appellants, or either of

them, from the award of the commissioners filed in the office of the city clerk September 21, 1937, as required by law.

On December 20, 1937, appellants, without admitting any defect or insufficiency of the appeal bond filed, moved for leave to file a good and sufficient appeal bond if the court should determine the one previously filed to be insufficient.

These motions were considered and ruled upon January 17, 1938. The court sustained the city's motion to dismiss the appeal and overruled the appellants' motion for leave to file an amended appeal bond.

On January 22, 1938, appellants filed their notice of appeal to this court. It was entitled in the cause, and stated the appeal was taken to the supreme court of the state "from all findings, orders and judgment of the district court of Miami county, Kansas, made and entered in the above-entitled cause on January 17, 1937, particularly appealing from the finding and order overruling the application of N. J. Nelson and Mildreth A. Nelson for leave to file an amended appeal bond, and from the finding and order sustaining the special appearance motion of the city of Osawatomie, Kan., to quash and dismiss the appeal of N. J. Nelson and Mildreth A. Nelson, and from the finding, order and judgment dismissing said appeal and taxing the costs thereof to said N. J. Nelson and Mildreth A. Nelson."

In this court we are first confronted with a motion of the appellee to dismiss this appeal, on the ground that the notice of appeal gave the date of the rulings appealed from as January 17, 1937. It is argued that, having been served on appellee January 21, 1938, the notice shows on its face that it is too late. The use of the figures 1937, as representing the year, in the body of the notice of appeal, obviously is a clerical error. None of this condemnation proceeding was pending that early. The notice specifically applies to this condemnation proceeding; the appeal is specifically from the orders sustaining the city's motion to dismiss, and overruling appellants' motion for leave to file an amended appeal bond. These matters are stated in the notice of appeal. Appellee could not have been misled by the inaccurate date used in the notice. Courts, in the interest of justice, disregard inaccuracies of that character.

In support of the trial court's ruling it is pointed out that the bond runs to the state of Kansas. Appellee contends that the state is not a party to this proceeding, that the bond should have run to the city

of Osawatomie. It is argued that the bond, having been given to a stranger to the action, is void and serves no purpose. We think the point is not well taken. This is a cost bond, given under Laws of 1937, ch. 228, for the purpose of converting the condemnation proceeding, insofar as it affects these appellants, into an action in the district court. It is given not only for the benefit of the city itself, but of any witness or other person who may be entitled to costs in the action. The statute (Laws of 1937, ch. 228) does not say to whom the bond shall run. It is not unusual for bonds of this character to run to the state of Kansas, and they may be sued upon by any person entitled to costs, or otherwise entitled to recover on the bond.

On behalf of appellee it is argued that since each of the appellants had an interest in the property separate bonds should have been given. There is nothing in this record from which it could be determined whether appellants are tenants in common, or joint tenants, or whether they own separate moieties or fractional shares of this property. All that was indicated is that they have some type of ownership in common. We see no occasion for separate bonds. Certainly the record does not disclose the land condemned consisted of separate tracts of land, owned separately by the parties.

It is next argued there are no sureties. The statute (Laws of 1937, ch. 228) does not specifically require sureties, but as the bond is framed, each of the signers is surety for the other. More than that, they made a special cash deposit as security. While this is unusual, and perhaps a cash bond alone would have been insufficient, we do not see why that should require a holding that the bond is invalid. Certainly the fact that cash is deposited with the clerk, perhaps ample to pay costs, is not a detriment to appellee. But what is more important, the clerk of the district court approved this bond. He is the official whose duty it is to pass upon the sufficiency of the bond, and that of necessity means to pass upon the sufficiency of the surety, or the security furnished by the bond. Since the official designated by the statute to pass upon and approve the bond has done so, his acts should not be regarded as nugatory. If the bond is insufficient with respect to the surety afforded, the court has authority to require an additional bond. The entire matter of the sufficiency of bonds given in this kind of a proceeding has been gone over recently in *Glover v. State Highway Comm.*, 147 Kan. 279, 77 P. 2d 189, and followed in *Russell v. State Highway Comm.*,

147 Kan. 297, 77 P. 2d 199, and need not be repeated here. It is true the statute then under consideration was G. S. 1935, 26-102, while the bond here in question was given under Laws of 1937, ch. 228. We regard the differences in the statute, however, as not being so great as to make the holdings in the cases just cited inapplicable.

Our conclusion is that the bond was sufficient to give the district court jurisdiction of the action. At any time the bond proves to be insufficient with respect to the security it affords, the court, upon a showing of that kind, may require additional security.

The result is the judgment of the trial court should be reversed, with directions to deny the motion of the city of Osawatomie to dismiss the appeal and to proceed with the action.

It is so ordered.