No. 41,794

Henry Pfannenstiel, *Appellee*, v. The Central Kansas Power Company, a Corporation, *Appellee;* Hunter Construction Company, Inc., a Corporation, *Appellant;* Eugenia Pfannenstiel, *Appellee*.

(352 P. 2d 51)

Opin-

ion filed May 14, 1960.

*Norbert R. Dreiling,* of Hays, argued the cause, and *Paul H. Royer, Robert H. Royer* and *James E. Ahearn,* all of Abilene, were with him on the briefs for appellant.

*James P. Mize,* of Salina, argued the cause, and *C. L. Clark* and *T. M. Lillard, Jr.,* of Salina, were with him on the briefs for appellee Henry Pfannenstiel.

The opinion of the court was delivered by

FATZER, J.: This was an action to recover damages to the plaintiff's real and personal property resulting from a gas explosion in the basement of his house. To identify the defendants below, Hunter Construction Company, Inc., is referred to as Hunter; The Central Kansas Power Company is referred to as the power company, and Eugenia Pfannenstiel is referred to as Eugenia.

The appeal is from the district court's order of September 1, 1959, overruling the appellant Hunter's motion to dismiss the action; to strike the answer of Eugenia and to dismiss her as a party defendant; to strike the first amended petition from the files, and the overruling of Hunter's demurrer to the first amended petition. Neither the power company nor Eugenia has appealed.

The sole plaintiff is the appellee Henry Pfannenstiel. His petition was filed September 30, 1958, and is briefly summarized: The plaintiff's residence property is located at the southeast corner of the intersection of East 15th Street and Dechant Road in Hays, Kansas. East 15th Street runs east and west past the north side of the residence and Dechant Road runs north and south past the west side of the residence. A public alley runs east and west along the south side of the residence and intersects Dechant Road at a right angle at the southwest corner of the plaintiff's residence.

Joint and concurrent acts of negligence proximately causing the explosion were charged against Hunter and the power company. Only those affecting Hunter are referred to: During 1956 Hunter entered into a contract with the city of Hays and undertook the work of excavating for, and curbing, guttering and surfacing a portion of Dechant Road along and beyond its intersection with the alley adjacent to and south of the residence property in question. In doing the work, a piece of Hunter's heavy, power-driven earth moving equipment struck, bent and damaged one of the pipes and tubes owned by the power company and buried below the surface of the street and alley and used by the power company to distribute natural gas in the city pursuant to a franchise therefor. In performing the work, Hunter negligently failed, not only to ascertain and determine the presence and location of the pipes and tubes, but also failed to make sure that the street and alley right of way was

clear of obstructions before it attempted to perform the construction work, and also failed and neglected to notify the power company that the pipe and tube had been bent and damaged.

The petition further alleged that on the morning of June 15, 1957, the plaintiff's brother, not knowing of the joint and concurrent negligence of the defendants or of the presence of the explosive quantity of escaped natural gas, switched on an electric light in the basement and an explosion occurred, damaging the residence property to such an extent it could not be fully repaired; killed eleven chinchillas and injured others owned by the plaintiff; damaged plaintiff's automobile, and killed and damaged numerous trees and shrubs upon plaintiff's property and deprived him of the use of his residence for an extended period of time, causing plaintiff to suffer loss and damage in the amount of $11,565.

Hunter moved to make the petition definite and certain in several particulars: One required the plaintiff to specifically state the amount and nature of damage claimed to the residence property, the chinchillas, the automobile, the trees and shrubs, and the loss of use of the residence; another sought to require him to attach a copy of the written paving contract entered into between Hunter and the city of Hays for the public improvement and to attach engineers' drawings and specifications of that improvement, and another was to require the plaintiff to set forth the type of material, size and location of the pipe or tube Hunter allegedly struck and bent and to designate which pipe at the location in question was allegedly struck and bent. No part of the motion was directed to plaintiff's allegations of negligence on the part of Hunter nor did it seek in any manner to have those allegations made more definite and certain with respect to Hunter's negligence.

On December 11, 1958, the district court sustained in part the defendant's motion to make definite and certain, and in compliance with the court's order the plaintiff filed what he designated "Amendment to Petition" alleging that the pipe and tube struck and bent was a steel pipe approximately two inches in diameter installed in an east-west direction in the alley near the southwest corner of plaintiff's property where the alley intersects Dechant Road, and further, that the gas pipe was in the possession of the power company. In addition, the plaintiff itemized his damages and the amount was increased from $11,565 to $20,024. Otherwise, the motion to make definite and certain was overruled.

On March 13, 1959, Hunter filed its verified answer and while that pleading is not abstracted, we are advised that Hunter did not plead in its answer either the ordinance of the city of Hays, the power company's franchise to distribute natural gas in the city, or Hunter's paving contract with the city, which were referred to in Hunter's motion to make the petition definite and certain.

On March 24, 1959, the power company filed its answer to plaintiff's original petition and the amendment and among other things alleged that the residence property in question was owned by the plaintiff and Eugenia, his wife, as tenants in common, and that Eugenia was a necessary party to the action and should be required to plead and set out her interests.

As a result of the special defense pleaded by the power company, plaintiff applied for authority to join Eugenia as an additional party defendant, and, without asking the district court to rule upon the power company's special defense, plaintiff prepared his first amended petition and his motion for leave to file an amended petition and served Hunter with copies thereof and notice that the same would be heard by the district court at its next regular motion day May 18, 1959. At that hearing Hunter appeared and made no objection whatsoever to the granting of the motion or the form of the first amended petition which was submitted to the district court with the motion for leave to file it, and plaintiff was granted leave to make Eugenia an additional party defendant. The first amended petition was filed May 18, 1959, and on the same day, without service of summons, Eugenia voluntarily filed her answer to that pleading, in which she admitted all of its allegations and prayed that the plaintiff be granted the relief sought.

With respect to the plaintiff's right to bring the action for the benefit of himself and Eugenia, the first amended petition alleged:

". . . Plaintiff brings this action for and on behalf of himself and the said Eugenia Pfannenstiel to recover damages for their respective use and benefit as their interests may appear by reason of the negligence hereinafter more particularly described. For a full and complete determination of this action the said Eugenia Pfannenstiel is made a defendant herein."

In addition to making Eugenia a party defendant, the foregoing was the only amendment made by the first amended petition to the plaintiff's original petition and its amendment, and more particularly, it charged Hunter with the identical acts of negligence as those alleged in the original petition and its amendment. Neither

Hunter nor the power company filed a motion to make the first amended petition definite and certain in any respect.

On June 19, 1959, Hunter filed a motion and a demurrer to the first amended petition and sought, among other things, the following relief: (1) A dismissal of the action upon the ground that it was an attempted misjoinder of parties, (2) to strike Eugenia's answer from the files and to dismiss her as a party defendant for the reason that she was not a necessary or proper party to a final determination of the action or the relief sought and that she was not a real party in interest as to the entire subject matter of the action, (3) to strike the first amended petition from the files for various reasons, one of which alleged there was a misjoinder of parties resulting in such a confusion of theories that Hunter was unable to determine for whom the attempted causes of action were brought, or to whom or for whose benefit they applied, and (4) that plaintiff originally claimed total damages of $11,565 and when he itemized those damages in his "Amendment to Petition" he increased the total amount prayed for to $20,024, and Hunter requested he be again directed to itemize the damages in a total amount not to exceed $11,565. Hunter's demurrer was upon the ground that the first amended petition failed to allege facts sufficient to constitute a cause of action in favor of both the plaintiff and Eugenia and against the defendant, and that there was a misjoinder of causes of action with respect to the plaintiff and the alleged cause or causes of action of Eugenia.

On September 1, 1959, the district court overruled Hunter's motion and demurrer in their entirety, and Hunter perfected this appeal.

Hunter first argues that while the plaintiff sues for himself and his wife for their respective use and benefit, as their interests may appear, and that Eugenia was joined as a defendant for a full and complete determination of the action, there is in effect a misjoinder of causes of action. He asserts that because of the cotenancy status of the real estate, both the plaintiff and Eugenia must sue for damages to the residence property and the loss of its use, and that the first amended petition actually makes Eugenia a coplaintiff while at the same time keeping her a nominal party defendant; further, that the plaintiff claims additional damages for the loss of his own personal property and that nowhere is it alleged that Eugenia had an interest therein. The point is not well taken.

Although the proposition is not a rule of universal application in all jurisdictions, we think it is well settled under the law of this state that one cotenant may sue a third party stranger in tort to recover the entire amount of damages caused to the cotenancy realty by the stranger's tortious act. In *King v. Hyatt,* 51 Kan. 504, 32 P. 1105, this court said:

"While there is undoubtedly much conflict in the authorities, it is not so great as might appear from the language found in some of the cases. *We think the rule quite well established, that one tenant in common may maintain an action of trespass against a mere wrongdoer and recover in his own name the whole damage, and generally that one cotenant may recover for any injury done by a mere trespasser or wrongdoer.* Nor are we prepared to assert that cases may not arise in which one cotenant might recover possession of the whole property in his own name for the benefit of all. See *Coulson v. Wing,* 42 Kas. 507. . . ." (l. c. 514.) (Emphasis supplied.)

See, also, *Horner v. Ellis,* 75 Kan. 675, 90 P. 275; *Klingbeil v. Neubauer,* 110 Kan. 253, 203 P. 731; *Klingbeil v. Neubauer,* 111 Kan. 716, 208 P. 255; *Schwab v. Wyss,* 136 Kan. 54, 57, 12 P. 2d 719; *Sinclair v. Missouri Pac. Rld. Co.,* 136 Kan. 764, 766, 18 P. 2d 195; *Nelson v. City of Osawatomie,* 148 Kan. 118, 121, 79 P. 2d 857; 14 Am. Jur., Cotenancy, §§ 94, 95, 98, pp. 160, 163; 86 C. J. S. Tenancy in Common, § 138, p. 542, and 80 A. L. R. 992.

The plaintiff does not here seek any affirmative relief against Eugenia. She was joined only after the district court granted plaintiff leave to file the first amended petition permitting such joinder "for a full and complete determination of the action." Admittedly, that petition states no cause of action against her. No one objected to such joinder except Hunter, and it made no objection until considerable time had elapsed after Eugenia had filed her answer. We see no reason why the plaintiff should not be permitted to recover the entire damage to the cotenancy realty, and, if successful, he would simply hold the part of such damage attributable to the interest of Eugenia in trust for her use and benefit. In the well-reasoned case of *Bigelow v. Rising,* 42 Vt. 678, it was said:

"It has long been settled in this state that one tenant in common can maintain ejectment against a stranger to the title, *and recover the whole property and damages for the entire injury sustained by the eviction, and that recovery is for the benefit of himself and co-tenant.*

"This being so, it is difficult to assign a satisfactory reason why one tenant in common may not maintain an action of trespass *quare clausum, and recover for the whole damage occasioned by the trespass, for the benefit of himself*

*and co-tenant.* There is nothing in the nature of the action, or the form of the proceeding, to prevent." (pp. 679, 680.) (Emphasis supplied.)

As applied to the instant case, the common sense of the rule of this court recognized in *King v. Hyatt,* supra, becomes at once apparent. It prevents an unnecessary multiplicity of actions and creates no obstacle to a clear disposition of the issues at the trial. By special questions or special verdicts the jury may simply be asked to state the amount of damages, if any, awarded for the cotenancy realty separately from damages awarded for the injury and destruction of the personalty. No prejudice to Hunter could possibly result by such procedure. Hence, we conclude that, under the facts and circumstances, the plaintiff may properly bring this action for the recovery of damages to the cotenancy realty for the use and benefit of himself and his wife as their interests may appear, and also for the injury and destruction of his personal property.

Hunter next contends there was a misjoinder of parties when Eugenia was made a party defendant. We think the conclusion just announced renders the contention unavailing. The plaintiff concedes Eugenia is not a necessary party defendant, hence, our inquiry is directed to the question whether she is a proper party.

As previously indicated, Eugenia was made a party defendant in the first amended petition for which leave was granted by the district court to file that pleading. Eugenia was thereby given the opportunity to object or take issue with plaintiff's allegations of title to the realty and to the personal property which was alleged to have been damaged or destroyed, but she took no issue. She was also given the opportunity to object or take issue with the plaintiff's right to sue for all of the damages alleged to have been inflicted to the cotenancy realty, but, again, she took no issue. And, lastly, her joinder as a party defendant makes perfectly sure that she will be personally bound by whatever judgment is ultimately rendered. Are any of those results prejudicial to Hunter? None has been suggested by Hunter, and we think there are none. On the contrary, Eugenia's being made a party defendant is beneficial to Hunter since she is a party for a full and complete determination of the action and will be bound by any judgment rendered. G. S. 1949, 60-411, reading as follows, would seem to authorize such permissive joinder:

"Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, *or who is a necessary party to a complete*

*determination or settlement of the question involved therein."* (Emphasis supplied.)

Generally speaking, parties to an action are divided into three classes: Proper, necessary, and indispensable, and we think it may be said Eugenia was a proper party. The term proper party has been defined as a party without whom the cause might proceed but whose presence will allow a decree or judgment more clearly to settle the controversy among all the parties (67 C. J. S., Parties, f, (1), p. 889; 39 Am. Jur., Parties, § 5, p. 853). In *Rush v. Concrete Materials & Construction Co.,* 172 Kan. 70, 74, 238 P. 2d 704, it was said:

". . . Without extensive statement it may be said that a necessary party to an action is one who may have an interest in the subject matter of the suit and whose right may be materially affected or concluded by the judgment and therefore one without whom the court will not proceed, while a proper party is one who has an interest which is separable from the interest of the other parties, so that it may but will not necessarily be affected by the judgment which does complete justice between the other parties. . . ." (l. c. 74.)

Neither the power company nor Eugenia here objects to her being made a party defendant. No decision of this court has been cited, and we know of none, construing the italicized language of G. S. 1949, 60-411 under the facts and circumstances disclosed. However in the case of *City of New York Ins. Co. v. Tice,* 159 Kan. 176, 186, 152 P. 2d 836, it was held that in a tort action a party was properly joined as a defendant under the statute although the plaintiff prayed for no affirmative relief against such defendant. Assuming, *arguendo,* the joinder of Eugenia resulted in a misjoinder of an *excessive party defendant,* G. S. 1949, 60-3317 directs this court to disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining. In *Gerson v. Hanson,* 34 Kan. 590, 9 P. 230, it was said:

". . . It is the true purpose and design of courts to administer justice between litigants and to ascertain and enforce their rights and obligations, as far as possible upon the merits, and not upon some technical point which puts no question at issue, but simply renders it necessary to commence a new suit. And so, within the spirit and language of the code, there are proper cases in which it is necessary to make a person defendant, upon the ground of avoiding a multiplicity of suits. . . ." (l. c. 592, 593.)

The district court did not err in overruling Hunter's motion to dismiss the action, or to strike the first amended petition from the

files upon the ground of misjoinder of parties, or to strike Eugenia's answer from the files and dismiss her as a party defendant.

Hunter further asserts the district court erred in failing to require the plaintiff to itemize his damages in an amount not to exceed $11,565, the amount claimed in his original petition. It is unnecessary to detail the procedure heretofore set forth in this opinion that the amendment to plaintiff's original petition was a result of Hunter's motion to make definite and certain, all of which occurred prior to the time Hunter and the power company filed their answers. This court has construed the code of civil procedure (G. S. 1949, 60-756) as authorizing the plaintiff to amend his petition without leave at any time before the answer is filed without prejudice to the proceedings, with notice of the amendment being served upon the defendant or his attorney (*Quinlan v. Danford,* 28 Kan. 607; *Bailey v. Norton,* 178 Kan. 104, 107, 283 P. 2d 400). See, also, *Deal Lumber Co. v. Vieux,* 179 Kan. 760, 298 P. 2d 339.

The Amendment to Petition was made in compliance with Hunter's motion and we do not think it can now complain that in itemizing his damages in that pleading the plaintiff raised the total amount which he allegedly sustained. G. S. 1949, 60-2501 is applicable only where the action is on contract for the recovery of money and the amount sued for is endorsed on the summons. In that event, if the defendant fails to appear and answer judgment may not be rendered for a larger amount, with interest, and the costs. However, this was a tort action; but more important, Hunter appeared and requested the itemization of the damages sued for. Having done so, it may not now complain.

Hunter lastly contends the first amended petition failed to state facts sufficient to constitute a cause of action against it. We think the contention is not meritorious. In the first place, Hunter's motion to make definite and certain was not directed toward the plaintiff's allegations of negligence against it in the original petition, the "Amendment to Petition," or the first amended petition, and we think those pleadings alleged a cause of action against Hunter and in favor of the plaintiff. It is well established that general allegations of negligence or of contributory negligence in a petition or answer are sufficient as against a demurrer when not previously challenged by a motion to make definite and certain (*Kirkland v. Railway Co.,* 104 Kan. 388, 179 P. 362; *Munger v. Beiderwell,* 155 Kan. 187, 124 P. 2d 452; *Kinderknecht v. Hensley,* 160 Kan. 637, 164 P. 2d 105).

In addition Hunter complains it was error for the district court to overrule that portion of its motion to make definite and certain to compel the plaintiff to plead the terms of the power company's franchise with the city and Hunter's paving contract with the city. We do not agree. This action was not a suit on the franchise or the paving contract. It was based upon the negligent destruction of plaintiff's dwelling and the injury and damage to his personal property. Had Hunter desired to make the power company's franchise and its paving contract with the city a part of the records of this action it could have done so by pleading those instruments and attaching them to its answer.

We think the district court properly overruled Hunter's demurrer to the first amended petition. Other points have been raised and briefed by the parties, but in view of what has been said it is unnecessary to discuss and decide them.

Finding no error in the record, the judgment of the district court is affirmed.

It is so ordered.